Lipscomb, J.
Proceedings similar to those had in this suit, on a claim of property levied on by execution, came before this court at the present term, in the case of Bennett and wife against Gamble, administrator of Bicherson; and we then ruled that they were irregular, and not in conformity with the statute regulating the mode of trying the right of property in such cases. We did not say that if the proper issue was substantially formed in this way that the departure from the practice contemplated by the statute would, of itself, be a sufficient ground for setting aside the proceedings and reversing the judgment; but it was denounced as irregular and calculated “to jproduce delay and unnecessary ecepense,” and, in this case, it may be added, to mislead and draw the parties from the true issue. The only substantial averment, as appears to me in the petition, is not calculated to exert any influence in deciding the legal rights of •the parties. The plaintiff in the execution avers that his lien on the property attached from his first verdict, which was set aside by the court; and he calls the judgment on a verdict obtained three terms thereafter, an affirmance of the first. That this was the legal conclusion he wished to establish appears evident throughout the whole of his petition; and he makes this the gist of his right to satisfaction of his execution by the sale of the property levied; and it is equally clear to me that if there was anything more claimed or presented by the petition, the claimant of the property was misled by the distinct presentation of that averment. Bor that seems to be the only fact on which he takes issue, by averring “ that the lien did not commenee until after the rendition of the last mentioned judgment.” The law of lien, set up by the plaintiff’s averment, is certainly not correct; and it is equally certain that the averment did not present the issue, as it ought to have been from the circumstances of the case; audit is strange that it could have been entertained by the enlightened and *(231) respectable counsel, who made up the pleadings in the court below. It cannot be doubted, from the evidence contained in the statement of facts, that the attention of the court was never directed to the issue. But, however that may have been, if we believe that the issue was not such as the law required ¡in such cases, and more especially if we believe that it was calculated to mislead, the practice should not be sustained.' That such was its tendency, and that it really did have that effect, I can entertain no doubt when I compare the petition with the answer. It will be seen that the plaintiff mainly, if not exclusively, relies on his supposed lien from the first verdict, and that this conclusion is the one negatived by the answer. Under the issues the claimant could not have been expected to prepare for anything more than an inquiry into the simple and isolated question; whether that verdict, so set aside, imposed and continued a lien on the property, at that time owned by the defendant in the execution, no matter how free from fraud may have been its alienation. It presented a question of law, and not of fact or fraud. The court below, on the discharge of the duty imposed by the statute, should have prevented all grounds of misconception by either party. This might have been done by directing the true issue to be made up; and it could have been done in very few words, such as “ The plai/ntiff in the execution avers that the property levied on was liable to his execution,” or in words of the like import. The liability of the property in that case was the only issue. A simple negation of the averment by the defendant would have been all that was necessary on his part. There is another point presented by the record that the court is called on to notice. By a reference to the evidence contained in the statement of facts, it is very obvious that the plaintiff made an effort to prove that the purchase of the slaves was made by the claimant with an intent to defeat and defraud him of his just debt. And with this view, circumstantial evidence was given of a fraudulent intent on the part of the vendor; his declarations were proven conducing to that end, but not in the presence of the vendee. And in attempting to bring home notice to the vendee of that intent by the vendor, to make him a participator in the fraud, the only circumstance proven was that he lived a neighbor to the vendor. There was.no proof of actual notice or participation in the supposed fraud; and if there was proof at all, it was only by presumption, and that not drawn from pregnant facts, but from a far-fetelied probability. How far we ought to go in setting aside a judgment on the ground that the evidence was not sufficient to sustain the verdict of the jury, it is not now necessary to declare; we will only observe that when evidence, unexceptionable on *(232) the ground of competency, goes to the jury conducing to prove the facts in issue before them, we should hesitate much and require the presentation of a strong case before we should say that the evidence was not sufficiently strong to support their verdict. In a case of ordinary features in doing so we should be treading on forbidden ground, and encroaching on the prerogative of the jury, whose peculiar province it is to weigh the testimony.
It is, however, the province of the court to determine on and enforce the legal rules of evidence. It is an acknowledged rule of evidence that presumptions merely are not to stand against unim-peached positive testimony. "We find in the statement of facts that the plaintiff made a witness of the claimant of the property on the trial, and propounded the interrogatory: “Did you know of the pendency of the suit?” Its object was, no doubt, to prove a fact from which a reasonable conclusion could be drawn by the jury of his participation in the fraud of his vendor. Ilis answer was an unequivocal denial. It is a rule of evidence that when one party makes a witness of the other, he does it under the responsibility and condition that he thereby places him, on the score of credibility, beyond impeachment. lie may prove the witness mistaken, by proving the party to be otherwise, but he will not be allowed to impeach liis credibility. The answer of the complainant destroyed the presumption arising from such circumstances as were proven. Fraud cannot be presumed. If it is proven" by circumstantial evidence, the circumstances should be strong and pregnant, from, which no other reasonable conclusion could be drawn. When the above rules are applied to the evidence presented by the statement of facts, it will be seen that the verdict, in the case under consideration, was not only not supported by the weight of evidence, but it is contrary to some of the best established rules governing testimony. We do not wish it to be understood that we sanction the admissibility of all of the testimony given in this case. We give no opinion as to the competency of receiving the declaration of the vendor. The circumstances under which the testimony was received are not known, but it does not appear to have been objected to, and is therefore not before us, and we express no opinion as to its admissibility.
The judgment must be reversed and the cause remanded on the petition and answer; the trial of the right of property set aside; and an issue is directed to be made up under the direction of the court, in conformity with this opinion, which is to be certified to the court below for its direction.