BONNER AND EDDY, RECEIVERS, V. SEYMOUR MAYFIELD.

No. 3127.

1. **Practice—Suits Against Receivers of Railway.** — Where suit is brought . for personal injuries against receivers of a railway, asking, however, no personal judgment against them, it is unimportant whether the defect causing the injury existed when the railway came into their hands, or whether they had been in charge a sufficient time to repair the defect.

2. **Expert Testimony.**—A witness who had twenty years experience in the construction of railways was properly permitted after stating the manner the defective culvert was constructed to state that the construction was not proper.

3. **Impeaching Witness.**—A witness, the roadmaster, on cross-examination was asked if within two days after the accident at a place and in presence of a person named he did not state that "the culvert was built with dry masonry and was not worth a damn." In reply the witness denied the use of that or equivalent language. It was then proved that the witness had so stated. *Held*, the testimony was properly admitted for purpose of impeaching the witness.

4. **Case Adhered to.** — Receivers v. Wingate, 78 Texas, 333, adhered to, touching a defective culvert as affected by the breaking of a private tank above it.

5. **Liability of Railway in Hands of Receivers.**—Suit against the receivers and the railway company for injuries from a defective culvert. The court instructed the jury to find for the railway company. They found a verdict against the receivers. The judgment only fixed the liability and amount on the receivers in their official capacity. *Held*, not error.

APPEAL from Anderson. Tried below before Hon. T. A. WILLIAMS. The opinion states the case.

*Gould & Camp*, for appellants.—1. If plaintiff failed to show that the receivers constructed the road, or had charge of it long enough to have remedied any defects in the culvert, then they would not be guilty of negligence by reason of said defects, and not being negligent they can not be liable. Batterson v. Railway, 8 Am. and Eng. Ry. Cases, 123.

2. It was error to permit plaintiff's witness Russell to give his opinion as to the effects of cross-ties in the embankment of the culvert, because he had stated no facts upon which to base an opinion. Willis & Bro. v. McNeill, 57 Texas, 465; Railway v. De Milley, 60 Texas, 194.

3. The declarations of Roadmaster Cronin made two days after the accident can not bind the receivers, and were improperly admitted, even for the pretended purpose of contradicting him; for the effect was to show that at one time, in the opinion of said witness, the culvert was insufficient. And it is error to allow a witness contradicted in an immaterial and illegal matter. Railway v. Ragsdale, 67 Texas, 24; Railway v. Ivy, 71 Texas, 409; Railway v. Robinson, 73 Texas, 277; Dimmitt v. Robbins, 74 Texas, 445.

4. The court erred in instructing the jury that defendants were guilty of negligence if the culverts were too small to carry off the water which

accumulated on this occasion; because the proper construction of a railway is a question of fact for the jury to decide and not a question of law to be decided by the court. Railway v. Greenlee, 70 Texas, 553; Railway v. Kuehn, 70 Texas, 583; Railway v. Hill, 71 Texas, 451; Railway v. Murphy, 46 Texas, 356; Campbell v. Trimble, 75 Texas, 271.

*Gregg & Reeves*, for appellee.—1. A master in operating a railway must exercise reasonable care to provide safe culverts, and is not excusable from liability to injured servant from a defective culvert because he had reason to suppose it sufficient; and receivers of railways are masters who are affected in their official capacity only by judgments against them, and are liable where railways would have been liable.

As to care required: Railway v. Redeker, 67 Texas, 181; Railway v. Kirk, 62 Texas, 227.

On receivers' liability: Sayles' Civ. Stats., arts. 1468, 1466; Wood's Law of Mast. and Serv., sec. 412; Thomp. on Neg., sec. 44; Pierce on Rys., p. 285.

2. Where a railway company and its receivers are all parties defendant, but the cause of action is alleged against the receivers only, and judgment is sought only against them, it is proper to charge "to find against receivers if they find for defendant."

STAYTON, CHIEF JUSTICE.—Appellee while in the employment of appellants was injured through a defect in a culvert crossed by the railway then under the control of appellants as receivers, and this action was brought to recover damages for such injury. The evidence of the roadmaster and others shows clearly that the culvert was not properly constructed and that the injury resulted from that fact, and it further shows that those in charge of the road could not have been ignorant of the defect.

It is urged that the receivers were not liable for injury resulting from defects in the road existing when the road went into their hands, and especially so unless they were shown to have been in charge of the road long enough to have known and remedied the defect.

Plaintiff does not seek in this case to fix any personal liability on the receivers, and it is unimportant whether the defect existed when the railway came into their hands, and if so whether they had been in charge of the road a sufficient time to enable them to repair it. Railway v. Geiger, 79 Texas, 18.

A witness who had twenty years' experience in the construction of railways was permitted to state, after stating the manner in which the culvert was constructed, in effect, that the construction was not proper, and it is claimed that this evidence should have been excluded, because the witness had not shown himself qualified to testify as an

expert. We see no reason to doubt the correctness of the ruling admitting the testimony.

Cronin, the roadmaster for appellants, was put on the stand as a witness by them, and, with a view to impeaching his evidence, he was asked if two days after the accident, at the place and in presence of a person named, he did not say that "the culvert was built with dry masonry and was not worth a damn," and in reply he denied the use of that or equivalent language. It was afterward proved that he did use such language, and it is now insisted that proof of his statement should not have been received. For the purpose for which admitted it was proper to receive the evidence.

It is urged that the court erred in charging the jury that defendants were negligent if the culvert was too small to carry off the water that accumulated at the time of the washout; but we do not find any such charge in the record. The charge given fully and clearly instructed the jury as to the duty of appellants, and left the question of negligence to the determination of the jury in view of all the evidence.

It is urged that the court erred in failing to instruct the jury that if they believed from the evidence the culvert gave way by reason of the breaking of a private tank above the culvert they would find for the defendants. No such charge was asked, but if it had been it should have been refused for the reasons given in case of Receivers v. Wingate, 78 Texas, 333, which grew out of the same accident from which the injury now complained of resulted.

The evidence was amply sufficient to sustain the verdict in every particular, and the court did not err in overruling a motion for a new trial based on the proposition that there was not sufficient evidence.

The action was brought against the receivers and against the railway company of whose property they had control, and the court instructed the jury to find in favor of the railway company, which they did, and judgment was rendered in accordance with the verdict. We do not understand the judgment to do more than to fix the liability and its amount on the receivers in their official capacity, and to remit this for settlement to the court having charge of the receivership, which must apply the law applicable to such cases in its settlement.

If the court by the judgment had attempted to fix liability or lien on the property of the company, which, under the general rules applicable to such cases and under the statute, would not be so liable, then the judgment would have been in so far erroneous; but we do not understand that the court did or intended to do this.

There is no error in the proceedings, and the judgment will be affirmed.

*Affirmed.*