Texas & Pacific Railway Company v. E. W. Cochrane.

Decided May 24, 1902.

**Evidence—Expert Testimony—Overflow.**

In an action for damages caused by the overflow of a creek across which defendant had built a dam some distance below plaintiff's land, it was error to exclude the testimony of a civil engineer of long experience in constructing such dams and observing their effects and who had made a topographical survey of the premises, to the effect that a dam of the height and at the place of the one in question could not cause an overflow of plaintiff's land or have any effect in causing it.

Appeal from Denton. Tried below before Hon. D. E. Barrett.

*T. J. Freeman* and *Head & Dillard,* for appellant.

*Tarlton & Ayres* and *Bates & Roark,* for appellee.

HUNTER, Associate Justice.—On the trial of this cause, which was brought to recover damages from the appellant company occasioned by an overflow of his lands in April, 1900, the evidence tended to establish that the appellant built a stone dam four feet high across Big Elm Creek, in Denton County, 2000 feet below where its track crossed said creek, and about 1500 feet below appellee's farm or field; that the banks of the creek above the dam were from fifteen to thirty feet higher than the dam; the width of the channel of the creek is not given, nor the width of the bottoms on either side of the creek; that B. S. Wathen, who was a civil engineer and had been for thirty-six years, made and had made under his direction and superintendence a topographical survey of the premises over which the road ran across the bottoms and creek aforesaid, and that he had had great experience in building dams, culverts, and sluices and railroads. "The defendant then offered to prove that the said B. S. Wathen in his capacity as civil engineer was familiar with the effects of water dams and the results they would produce in causing overflows, and that a dam constructed of the height of this one, within banks such as these, and that this particular dam in this particular place could not cause any overflow on plaintiff's land or have any effect in producing an overflow thereon." This evidence was objected to by the plaintiff "because it was not a subject upon which expert testimony could be given," and this objection was sustained and the witness not allowed to answer.

We think the court erred in excluding this evidence upon the objection made. The science of hydraulics is very intricate and complicated, and the answer to the question is one particularly, though not exclusively, within the domain of an expert in such matters, and must of necessity depend upon many other facts which seem not to have been given in this case but which would readily be understood and considered by an hydraulic engineer who would take them into consideration in giving

his opinion. Whether the additional overflow caused by the dam would be appreciable or not one can readily see depends upon many other facts,—such as the width of the stream; the declination of the surface; the altitude of the appellees' land as compared with surrounding lands; the increased velocity of the water as it approaches the overflow height; and whether or not the stream would overflow above the highest point of backwater from the dam before overflowing the banks at and along the dam, and perhaps many others which do not occur to us, but enough has been stated to show how necessary it is to consult and hear an expert on the subject.

We have found no other material error in the record, but because this evidence was excluded upon the objection made, the judgment is reversed and the cause is remanded. Railway v. Lyman, 22 S. W. Rep., 170; Clason v. Milwaukee, 30 Wis., 319; Grigsby v. Water Co., 40 Cal., 405; Falkes v. Chadd, 3 Doug. (Mich.), 157.

*Reversed and remanded.*