SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. LUCKIE et al.

(Court of Civil Appeals of Texas. Austin. Jan. 29, 1913. Rehearing Denied Feb. 26, 1913.)

1. PLEADING (§ 228*) — EXCEPTION — FORM—SUFFICIENCY.

Where the petition is good against a general demurrer, exceptions which do not point out specifically the objection raised, as required by rule 18 for the district courts (142 S. W. xviii), are properly overruled.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

2. MASTER AND SERVANT (§§ 101, 102*)—MASTER'S LIABILITY—SAFE PLACE TO WORK.

The master must exercise ordinary care to provide a servant with a reasonably safe place to work; and failure to do so is negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178, 179, 180–184, 192; Dec. Dig. §§ 101, 102.*]

3. MASTER AND SERVANT (§ 291*)—ACTION FOR INJURIES—INSTRUCTIONS — CONFORMITY TO PLEADING.

Where no specific exception was taken to a petition in a servant's action for injuries, alleging that defendant failed to provide him with a safe place to work, and therefore was guilty of gross negligence, proximately causing his injury, it was not error for the court to instruct that it was the master's duty to exercise reasonable care to provide a safe place to work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. § 291.*]

4. EVIDENCE (§ 513*)—OPINION EVIDENCE—SUBJECTS OF EXPERT TESTIMONY.

An expert witness may give his opinion as to the proper construction of a telephone line at the point of intersection with an electric light wire, to the effect that there should be a clearance of at least five feet.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2317, 2318; Dec. Dig. § 513.*]

5. MASTER AND SERVANT (§ 270*)—ACTION FOR INJURIES—EVIDENCE.

In an action by a servant of a telephone company against the company and a city for injuries from contact with the city's electric light wire while at work upon the telephone wires, where the petition did not charge that the telephone company had been guilty of any negligence as to the plaintiff in not pulling a plug, which would have cut off the current from the light wire at that particular place, but where the city alleged that it had such a plug, which was known to the telephone company, and sought recovery against the city, evidence that, if one of the telephone company's workmen had pulled the plug, it would have cut off the current from the light wire that injured the plaintiff and made his place of work safe, was admissible under the issues.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

6. MASTER AND SERVANT (§ 291*)—ACTION FOR INJURIES — INSTRUCTIONS — PLEADING AND ISSUES.

In such case the refusal of the telephone company's requested charge that the failure of its workman to pull the plug in the fuse blocks in the city's lines of light wires so as to cut off the current from "was not negligence" on its part, and must be excluded from consideration in determining the issue between plaintiff and the telephone company, was proper under the issues.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. § 291.*]

7. MASTER AND SERVANT (§ 288*)—ACTION FOR INJURIES — QUESTION FOR JURY — ASSUMPTION OF RISK.

On evidence in a servant's action against a telephone company and a city for injuries from the city's electric light wire while engaged in repair work upon the telephone wires, *held*,

that the question of his assumption of risk was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*]

8. MASTER AND SERVANT (§ 289*)—ACTION FOR INJURIES — QUESTION FOR JURY — ASSUMPTION OF RISK.

On evidence in a servant's action against a telephone company and a city for injuries from the city's electric light wire while engaged in repair work upon the telephone wires, *held*, that the question of his contributory negligence was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by E. M. Luckie and others against the Southwestern Telegraph & Telephone Company and the City of Austin, in which the City of Austin sought judgment against the telephone company for the amount of any judgment rendered against the city. Judgment for plaintiff against the Southwestern Telegraph & Telephone Company, and it appeals. Affirmed.

Gregory, Batts & Brooks, of San Benito, and W. S. Bramlett, of Dallas, for appellant. Warren W. Moore, J. D. Moore, and Geo. E. Shelley, all of Austin, for appellees.

RICE, J. Long before the accident which gave rise to this suit occurred, both the city of Austin and appellant maintained their respective plants in said city; the former for furnishing light, and the latter the means of telephonic communication to its inhabitants, each being operated by means of electricity conducted through overhead cables and wires, strung on their respective poles throughout said city along its streets and alleys, crossing each other at various points, amongst others, at the intersection of an alley and Twenty-First street, at which point said wires crossed at right angles. At this place appellant had a crew of men engaged in taking off the clips whereby its cables were attached to its messenger wires, placing thereon in lieu thereof trolleys or rollers, preparatory to placing these cables underground; and through its foreman had directed plaintiff C. B. Luckie to repair to said point and proceed with his work. The customary manner of performing this kind of work was adopted, requiring him, after climbing the poles, to sit astride of the two top cables, resting his feet upon the lower cables, and in this manner to push himself along. The city wires were charged with a heavy voltage of electricity, and the insulation at this point had worn away for a space of some 10 or 15 feet at either side of the pole near which the accident occurred; and its wires were strung across said street at a distance of about three feet above the cables of appellant and in dangerous proximity thereto, and rested on the crossarm on top of appellant's pole, which arm was held by two braces extending from either side of said crossarm to the pole, both of which had been permitted to become detached from the pole and to swing down from said crossarm. While plaintiff was thus engaged in his duties, without knowledge of the proximity of said light wires and said detached braces, he suddenly struck his head against one of said braces, causing him to recoil from said blow and to assume an erect position, whereby he came in contact with the heavily charged electric light wire of the city, which inflicted serious bodily injury upon him, and this suit was brought by E. M. Luckie, his father, for himself and as next friend for said C. B. Luckie, who was a minor, to recover damages against the city and appellant, alleging that appellant was guilty of negligence in failing to furnish said C. B. Luckie with a safe place wherein to work; and, further, that it was guilty of negligence in permitting said braces to swing loose from its poles, and in maintaining its cables in such close proximity to the heavily charged wires of the city, and likewise charged that the city was guilty of negligence in maintaining its wires so uninsulated and so heavily charged with electricity in such close proximity to the wires of appellant.

The city denied its liability and interpleaded appellant, asking a recovery over against it, in the event judgment was rendered against said city in favor of plaintiff, averring that it was not guilty of negligence, for the reason that it had provided, throughout said city, at convenient places, fuse blocks, one of which was in the immediate vicinity of where the accident occurred, by which the current of electricity could be cut off from its wires by pulling certain plugs fitting therein; and that appellant and its workmen, prior to this occurrence, had been so advised of the existence of these appliances, and were requested to use same whenever at work where the wires crossed, whereby said wires would have been rendered harmless; that appellant failed so to do before sending appellee to work, for which reason it was guilty of negligence, and the city was entitled to recover over against appellant by reason thereof, if any judgment should be rendered in favor of plaintiff against it.

Appellant, in addition to certain demurrers and a general denial, also interposed the pleas of contributory negligence and assumed risk.

There was a jury trial, resulting in a verdict and judgment in behalf of appellee against appellant, but no recovery was had against the city, from which judgment appellant has prosecuted this appeal.

[1] The court did not err, we think, in overruling appellant's exceptions to plaintiff's petition, for the reason that said exceptions were in the nature of general demurrers, and the petition, in our judgment, was good

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

against such demurrers. See rule 18 for district courts (102 Tex. xi, 142 S. W. xviii); Railway Co. v. Granger, 85 Tex. 574, 22 S. W. 959. We therefore overrule the first and second assignments presenting this matter.

[2, 3] The petition in this case alleged that appellant had failed to provide the injured party with a safe place to do his work, and that in so failing it was guilty of gross and inexcusable negligence, which was the direct and proximate cause of said injury. The court, in charging on this phase of the case, in effect, instructed the jury that it was the duty of the defendant to exercise ordinary care to provide plaintiff with a reasonably safe place to work; and that a failure to do so would constitute negligence. It is asserted that this charge was not warranted by the pleading. The charge announces a correct rule of law. The petition did allege that the defendant was guilty of negligence in failing to provide its employés with a safe place to work; and, while it might have been subject to a special exception on this account, still, none having been addressed to it, we do not think it should be held that it was error for the court to give a charge announcing the correct rule of law.

[4] The witness Johnson was permitted, over appellant's objection, to give his opinion as to the proper construction of a telephone line at the point of intersection with a light wire, stating that there should be a clearance at such point of at least five feet; it having been shown that the space, in this instance, was only about three feet. This furnishes the basis of the fourth assignment of error. We overrule this objection, for the reason that we think it sufficiently appears from the evidence that this witness was an expert, and therefore had the right to give his opinion with reference to the matter under consideration. See Railway Co. v. Norfleet, 78 Tex. 321, 14 S. W. 703; Bonner v. Mayfield, 82 Tex. 234, 18 S. W. 305; Railway Co. v. Johnston, 78 Tex. 536, 15 S. W. 104; Ilfrey v. Railway Co., 76 Tex. 63, 13 S. W. 165; Railway Co. v. Cochrane, 29 Tex. Civ. App. 383, 69 S. W. 984; Railway Co. v. Holzer, 127 S. W. 1062; Gurley v. Railway Co., 124 S. W. 504.

[5] During the progress of the trial, while said Johnson, a witness for plaintiff, was testifying on cross-examination by the city, he was permitted to state that a certain contrivance, called a "plug," was used by the city in connection with its electric light system, and that one of these plugs was used where the primary circuit on which the injury of plaintiff was received, connected with the main lead to the city wires; and counsel for the city then propounded to this witness the following question, it appearing that he was an employé of appellant, in charge of the crew in which plaintiff was working at the time of his injury: "If you, or one of your workmen, had pulled that plug, would it have deadened the wire that injured plain-

tiff and made it safe for plaintiff to have worked at the point where he was injured?" Appellant objected to this question, and the answer sought to be elicited thereby, in so far as it affected the issues between it and plaintiff, because the pleadings of plaintiff did not charge that appellant had been guilty of any negligence as to the plaintiff in not having said plug pulled, and because the pulling or not pulling of same had no bearing on any issue raised in the case between plaintiff and defendant company, and was therefore, as to them, immaterial and irrelevant. This objection was overruled, and the witness permitted to testify in answer thereto that if said plug had been pulled it would have deadened the wire which injured plaintiff, and would have made it perfectly safe for him to have worked at the point where he was injured, so far as said electric light wires were concerned. To this action of the court, appellant excepted. In overruling the objection to said testimony the court stated that, under the pleadings, such evidence was admissible to show the condition of the apparatus and wires of the city, and to show the means afforded by the city for cutting off its electric light circuit for the safety of employés of appellant, and because of its bearing on the question of negligence as between the city and the telephone company. It will be recalled that the city had pleaded that it had a contrivance by which the current could be cut off and its wires deadened, thereby relieving them from any danger; that appellant was apprised of this fact and afforded an opportunity to pull said plug and thereby cut off said current, and by so doing would have rendered said light wires harmless; and asked a recovery over against appellant in the event judgment should go against it in favor of plaintiff. We think this evidence was admissible under the circumstances, and that the court did not err in admitting it, for which reason the fifth assignment is overruled. See Railway Co. v. Hill, 71 Tex. 456, 9 S. W. 351.

[6] In this connection appellant requested the court to instruct the jury as follows: "You are instructed that the failure of Phil Johnson to pull the plugs in the fuse blocks in the lines of the city, so that the electric current on the lines with which C. B. Luckie came in contact would be cut off, did not constitute an act of negligence on the part of the Southwestern Telegraph & Telephone Company; and in determining the issues between the plaintiffs and said company, as submitted to you in the charge given, you will exclude said failure so to pull said plugs entirely from your consideration"—contending that this charge should have been given, for the reason that plaintiff had not alleged, as an act of negligence on the part of appellant, the failure to pull said plugs. While this is true, yet it would have been error to have given the charge, because this issue was raised as between appellant and the city;

and it would have been improper to have told the jury, under the circumstances, that a failure on the part of Johnson to pull said plug was not an act of negligence, for which reason the sixth assignment is overruled.

[7, 8] We think the facts in evidence were sufficient, not only to warrant, but to demand, the submission of the case to the jury on the issues raised by the pleadings; and that it would have been error on the part of the trial court to have instructed the jury, as requested by appellant in its several special charges, to find for it, on the ground either of assumed risk or contributory negligence, as a matter of law. We therefore overrule all of the assignments complaining of the failure of the court to give such special charges.

It is contended on the part of appellant that the facts of this case show that the injury in question arose from a casualty or accident, for which appellant was not liable. It therefore asked a peremptory charge for this reason, which was refused. It likewise urges that the court erred in refusing to grant a new trial, because the preponderant weight of the testimony shows such to have been the cause of the injury, and again insists that said testimony establishes, as a conclusion of law, that the injuries received by plaintiff arose from a casualty or accident, for which appellant was not liable. We do not concur with appellant in these contentions, for which reason its thirteenth, fourteenth, and fifteenth assignments are overruled. Granting that such issue was raised by the evidence, as contended by appellant, then the court gave, at its instance, an admirably clear charge presenting this theory of the case, which, in our judgment, was all that it was entitled to. The jury having seen fit to return a verdict against appellant's contention, not only in this, but in all other, respects, and believing that there is sufficient evidence to sustain same, we are not disposed to disturb it.

All other assignments have been considered, and are regarded not well taken, and are therefore overruled. Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.