### PRICE et al. v. POWELL et al.
### No. 2328.

Court of Civil Appeals of Texas. Beaumont.
March 16, 1933.

Rehearing Denied March 22, 1933.

T. P. Buffington, of Navasota, and Foster, Williams & Nicholson, of Conroe, for appellants.

Dean & Humphrey, of Huntsville, for appellees.

WALKER, Chief Justice.

On the 14th of April, 1930, Mrs. Mildred Price, for herself and as guardian of her minor daughter, Kathleen Price, filed this suit in trespass to try title in district court of Montgomery county against appellees, F. L. Powell, Jr., her brother, and A. A. Holmes, to recover two adjacent business lots in the town of Montgomery, Montgomery county, referred to in the record as the Price lot and the Jones lot. By amended petition filed on the 3d day of June, 1931, for herself and as guardian and next friend of her minor daughter, Mrs. Price pleaded that her brother owned title to the Jones lot but pleaded that he held the title to the Price lot in trust for her and her daughter, under a deed to him by her and her deceased husband, W. T. Price, dated December 4, 1922; she pleaded further that the brick building situated upon these two lots was built by money furnished by her and her daughter, and prayed for appropriate relief; she also pleaded that appellee, A. A. Holmes, owned and was entitled to foreclose his deed of trust lien as a superior lien to that claimed by her and her daughter. The answer of appellee Holmes presented in detail the issue conceded by Mrs. Price in her pleadings. Appellee Powell pleaded not guilty, general denial, and the following plea of four-year limitation: "For still further replication to said amended original petition, and for plea in bar thereof, these defendants say that the cause of action of the plaintiffs, if any they ever had, as undertaken to be set forth in said first amended petition, accrued more than four years before the filing of this suit, and that the plaintiffs are now barred of any right of recovery herein, if any they ever had, which is not admitted but is specially denied, by the statute of limitation of four years; and of this the defendants put themselves upon the country."

The jury found the following facts material to this appeal: (a) The deed from Mrs. Mildred Price and her husband, W. T. Price, to F. L. Powell, Jr., dated December 4, 1922, was not "a trust deed." (b) Mrs. Mildred Price and her daughter, Kathleen Price, furnished to F. L. Powell, Jr., $2,200 in money "in the erection of the building on property in question." On the verdict, judgment was entered in behalf of appellee Holmes, foreclosing his lien for the amount claimed by him, and no complaint is before us against this part of the judgment. Judgment was entered also in behalf of appellee Powell for the title to the Price lot, and in his favor against Mrs. Price and her daughter, barring them, under plea of the statute of limitation of two years, from recovering the $2,200 found in their behalf. The appeal has been duly prosecuted to this court by Mrs. Price and her daughter.

By appropriate propositions, appellants assert, under the verdict of the jury, that they were entitled to judgment against appellee Powell for $2,200, with interest at 6 per cent. per annum from the 4th day of May, 1923, the day the loan of the $2,200 was consummated, with foreclosure of their equitable lien against the property in controversy, and that the court erred in refusing them judgment un-

der the two-year statute of limitation. By counter propositions, appellee Powell insists that appellants' pleadings were not sufficient to support the relief asked for, but as the case was tried on the theory suggested by appellants' propositions, and appellee has no cross assignment against the finding of the jury in appellants' favor for the $2,200, we pretermit a further discussion of his counter propositions on this issue.

After a careful review of the facts and law, we have concluded that appellants' propositions are without merit. The $2,200 was furnished to appellee Powell by Mrs. Price by checks, as follows: 3/13/1923, $500; 3/28/1923, $500; 5/5/1923, $1,000; 5/5/1923, $200. The money was furnished to build the brick house upon the Price lot and the Jones lot, for the use of a mercantile partnership composed of appellant Mrs. Mildred Price, her brother, appellee F. L. Powell, Jr., and their brother, John Powell. W. T. Price died the 11th day of May, 1925, and his will was duly admitted to probate and under the order of probate appellant Mrs. Mildred Price qualified as independent executrix of his estate on the 19th day of August, 1925. Mrs. Price continued a member of the partnership, as above described, which continuously occupied the brick building in question from the date of the completion of the building until the 16th of February, 1929, when she filed suit for dissolution of the partnership and for a receivership in its behalf. On the 7th day of March, 1929, the partnership was formally dissolved by Mrs. Mildred Price conveying to her brothers, by an instrument in writing, all her interest in the partnership.

■ Under the verdict of the jury, the $2,200 was nothing more than a loan by Mrs. Price to appellee Powell, and was subject to the bar of the statute of limitations of two years. This issue was established beyond controversy, for whatever may have been the terms of the original loan, and the conditions upon which it was held, more than two years elapsed from the filing of the receivership suit and from the date of the conveyance of her interest in the partnership by Mrs. Price to her brothers, to the filing of her amended petition on the 3d day of June, 1931, when, for the first time, she asserted her claim of debt. The proceedings of the receivership suit and the dissolution contract were sufficient, as a matter of law, to constitute a repudiation by appellee Powell of any trust agreement on which the money may have been held by him. But appellants have called to our attention no fact that would postpone the maturity of the loan as originally made. As stated above, the last payment on the $2,200 was made on the 5th of May, 1923. As no time for repayment was stipulated, the loan was due on demand. These facts clearly show that two-year time had run long before the

amended petition was filed on the 3d day of June, 1931. The question then is, whether or not the defense of two-year limitation was involved in the plea of the statute of four-year limitation. So far as we have been able to brief the question, with the aid of the briefs of counsel, we find that this particular issue has been before our courts only in Davidson v. Wright (Tex. Civ. App.) 233 S. W. 108; same case on rehearing (Tex. Civ. App.) 236 S. W. 776, where it was held that since a plea of limitation of four years contains all the allegations necessary to constitute a valid defense under the statute of two years, such plea will entitle the party offering it to present his proof of two-year limitation, on the proposition that the greater includes the lesser. See, also, 37 C. J. 1222 and 25 Cyc. 1408.

The court did not err in rendering judgment on the statute of two years without submitting this issue to the jury, since the conclusion followed, as a matter of law, from the undisputed evidence.

■ The court did not err in barring the claim of the minor, Kathleen Price, under the statute of two years, because there was neither pleading nor proof of the extent, if any, of her interest in the $2,200. Nor was there a plea filed in her behalf in bar tolling the statute of two-year limitation.

■■ The court did not err in permitting appellee to question Mrs. Price as to certain allegations in the petition for receivership above referred to, which had been sworn to by her. These allegations were admissible in impeachment of her testimony upon the trial of this case. Nor did the court err in permitting appellee to inquire as to the partnership between Mrs. Price and her brothers, because this inquiry was essential to determination of the issues presented upon this trial. It was the theory of appellee that all money furnished by appellants during the life of the partnership was a contribution to the partnership, and that by his settlement with her in the partnership dissolution he and his brother acquired title to all her interest in all funds advanced. Had he sustained this contention, he would have established a valid defense against appellants' claim. All other testimony complained of relating to the partnership was admissible for the reasons just stated.

■ No error was committed in permitting appellee to prove by A. A. Holmes and T. L. Wilcox and appellee Powell, that Robert Powell, a brother and witness for appellant Mrs. Price, had told them that appellee Powell owned the title to the Price lot. Mr. Powell had testified to the fact that the lot was conveyed originally to F. L. Powell in trust, and this testimony was clearly admissible in impeachment. It appears, in connection with this testimony, that Mr. Holmes, before mak-

ing the loan to appellee Powell, involved herein, inquired of Robert Powell as to the title of F. L. Powell to these two lots, and the testimony as to his statement to these witnesses was received only in impeachment.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.