BIBBY et al. v. BIBBY et al.

No. 3611.

Court of Civil Appeals of Texas. El Paso.

Jan. 27, 1938.

Rehearing Denied March 18, 1938.

Vinson, Elkins, Weems & Francis, of Houston (C. M. Hightower, of Houston, of counsel), for appellants.

B. F. Whitworth, of Linden, Ramey, Calhoun & Marsh, of Tyler, Ben A. Harper, of Olney, Ill., Tom Scurry and Baker, Botts, Andrews & Wharton, all of Houston, and Carney & Carney, of Atlanta, for appellees.

HIGGINS, Justice.

On June 1, 1936, Mrs. Minnie Angell Bibby, hereinafter called plaintiff, filed this suit against G. W. Bibby and wife, Mary Daniel Bibby, and others claiming mineral interests in the lands hereinafter mentioned, under the said G. W. Bibby and wife. The plaintiff sued to recover an undivided one-half interest in 53 acres of land and to cancel and annul as a cloud upon her title a certain deed dated April 14, 1927, purporting to have been executed by her to said G. W. Bibby, conveying the interest in the land sued for. It was alleged the deed was a forgery.

At the conclusion of the evidence the jury was peremptorily instructed to find in favor of those defendants who claimed mineral interests in the land under G. W. Bibby and wife.

As between the plaintiff and the defendants G. W. Bibby and wife, the case was submitted on special issues. Briefly stated, these issues inquired:

1. Did plaintiff sign and acknowledge the said deed to G. W. Bibby dated April 14, 1927? This was answered she did not.

2. Have the defendants and those under whom they hold had peaceable and adverse possession of the land in controversy under title or color of title for more than three continuous years before the filing of the suit? This was answered no.

3. Did Bibby and wife execute the deed in the name of their son L. M. Bibby dated February 4, 1920, for the purpose of permitting G. W. Bibby to borrow money on the 53 acres from R. S. Allday? This was answered no.

4. Was the deed dated February 4, 1920, signed by G. W. Bibby and wife to L. M. Bibby delivered to L. M. Bibby? This was answered yes.

5. Did L. M. Bibby pay his father, G. W Bibby, or his mother, Mrs. Mary Bibby, any money as consideration for said deed of February 4, 1920? This was answered yes.

In connection with issue 4 the court gave this instruction:

" 'Delivery,' in its legal sense, as used in this charge means such an act on the part of the grantor as to place the deed within the control of the grantee, with the intention that it should become operative as a conveyance."

Judgment was rendered in favor of the holders of said mineral interests for the interest claimed by them under their conveyances, and in favor of the plaintiff against G. W. Bibby and wife canceling the deed of April 14, 1927, and for title and possession of an undivided one-half interest in the 53 acres, subject to the mineral estates of the other defendants.

G. W. Bibby and wife appeal. The plaintiff also appeals complaining of the judgment rendered against her in favor of the defendants who claim mineral estates in the land under G. W. Bibby and wife.

The appeal of Bibby and wife will be first considered.

On December 20, 1916, plaintiff married L. M. Bibby, a son of G. W. Bibby and wife. By deed dated February 4, 1920, filed for record January 15, 1923, G. W. Bibby and wife purported to convey the 53 acres to plaintiff's husband, L. M. Bibby, for a recited consideration of $450 cash and the execution of a vendor's lien note by L. M. Bibby in favor of R. S. Allday, due November 15, 1920. By release dated June 12, 1922, filed for record January 8, 1923, Allday released the vendor's lien to L. M. Bibby, in consideration of the acknowledged payment of the vendor's lien note aforesaid.

On February 11, 1922, L. M. Bibby was divorced from the plaintiff in Louisiana. By deed dated December 26, 1922, filed for record January 8, 1923, L. M. Bibby reconveyed the land to his father, G. W. Bibby. On April 16, 1927, there was filed for record, and on April 21, 1927, was recorded, a deed purporting to have been executed by the plaintiff conveying to G. W. Bibby "all my undivided community interest of one-half" in the 53 acres of land. The consideration recited in the deed was the sum of $100 cash.

This is the deed attacked by plaintiff as a forgery.

It is settled law that the manual delivery of a deed by the grantor will not operate to pass title unless such delivery was accompanied by an intention on the part of the grantor to invest the grantee with the title; and where the conveyance is based upon an onerous consideration, it is also necessary to show the grantee accepted the conveyance. The controlling question upon both of these issues is the intention of the parties. Taylor v. Sanford, 108 Tex. 340, 193 S.W. 661, 5 A.L.R. 1660; Hubbard v. Cox, 76 Tex. 239, 13 S.W. 170; Tyler B. & L. Ass'n v. Baird & Seales, Tex.Civ. App., 165 S.W. 542.

In this case one of the main defensive issues is that the deed of February 4, 1920, from G. W. Bibby, under which the plaintiff claims, was not delivered by the grantors with the intention that it should operate to convey the title, nor was it accepted by the grantee, L. M. Bibby, with any such intention. The evidence supports this defense, for it shows the deed and the $250 vendor's lien note were executed simply for the purpose of enabling G. W. Bibby to borrow $250 from R. S. Allday, who insisted he be secured by a vendor's lien upon the land.

In this situation the burden was upon the plaintiff to prove that the deed was delivered by G. W. Bibby and wife and accepted by L. M. Bibby with the intention that the deed should operate as a conveyance of the title to the 53 acres. Putty v. Putty, Tex. Civ.App., 6 S.W.2d 136; Koppelmann v. Koppelmann, 94 Tex. 40, 57 S.W. 570; Steffian v. Milmo National Bank, 69 Tex. 513, 6 S.W. 823.

The defendants requested the submission of two issues as follows:

No. 4, which reads: "Do you find from a preponderance of the evidence that the deed dated February 4, 1920, signed by G. W. Bibby and wife, May Bibby, to L. M. Bibby, was intended by G. W. Bibby and wife, Mary Bibby, to be delivered to L. M. Bibby, with the intention that it should become operative as a conveyance of the 53 acres of land?"

Also No. 1, which reads: "Do you find from a preponderance of the evidence that the deed of date February 4, 1920, signed by G. W. Bibby, was accepted by L. M. Bibby as a deed of conveyance of the 53 acres of land?"

Issues Nos. 3 and 4 in the court's charge submitted the intention of the grantors in an indirect manner only, and the defendants were entitled to a direct and affirmative submission of that issue, as was requested to be done in their tendered issue No. 4. It was error to refuse such issue. Speer's Special Issues, § 191.

Payment by the grantee of the consideration expressed in a deed raises the presumption of acceptance by the grantee.

The fifth issue in the court's charge is an evidentiary one and the affirmative finding thereon merely establishes a presumption of acceptance.

The court did not affirmatively submit the issue of acceptance of the deed by L. M. Bibby, and it was error to refuse defendants' requested issue No. 1 inquiring whether the deed of February 4, 1920, was accepted by L. M. Bibby with the intention stated.

Appellants also contended the evidence is insufficient to support the indirect findings of the jury upon the two issues of delivery and acceptance.

It is with reluctance this court ever sets aside the findings of a jury upon issues of fact. But it is the duty of a Court of Civil Appeals so to do when the findings are against the great weight and preponderance of the evidence and clearly wrong. Mo. Pac. Ry. Co. v. Somers, 78 Tex. 439, 14 S.W. 779; Houston & T. C. Ry. Co. v. Schmidt, 61 Tex. 282; Zapp v. Michaelis, 58 Tex. 270, 275; Turner v. Ontiberos, Tex.Civ. App., 193 S.W. 1089.

This case falls within the rule stated.

For the purpose of showing that the deed in question was executed by the grantors and accepted by the grantee with the intention the same should operate to pass the title to L. M. Bibby, plaintiff relies upon the presumption of such intention arising from the filing of the deed for record and the recitation in the deed and vendor's lien release of the payment of the consideration by L. M. Bibby.

Presumptions of fact lose their probative force when contradicted by positive unimpeached evidence. Woodmen of the World v. Alexander, Tex.Civ.App.; 239 S. W. 343; Grand Fraternity v. Melton, 102 Tex. 399, 117 S.W. 788; State Mutual Life Insurance Co. of Rome, Ga., v. Long et al., Tex.Civ.App., 178 S.W. 778; Lincoln v. French, 105 U.S. 614, 26 L.Ed. 1189; Watkins v. Prudential Ins. Co., 315 Pa. 497, 173 A. 644, 95 A.L.R. 869 and

annotations thereunder; First State Bank of Amarillo v. Jones, 107 Tex. 623, 183 S.W. 874; Paxton v. Boyce, 1 Tex. 317; Neblett & Norman v. Goukas, Tex.Civ.App., 40 S. W.2d 1113; Geffert v. Yorktown Independent School District, Tex.Com.App., 290 S. W. 1083.

Since this case is to be retried, we will not detail and discuss the evidence upon the two issues. Suffice it to say the testimony of G. W. Bibby and wife is clear and positive the deed was not executed for the purpose of passing the title to L. M. Bibby, but was for the purpose of borrowing money from R. S. Allday, to whom the deed was delivered. L. M. Bibby was in the United States Navy and not in Texas from November 7, 1919, until after November 11, 1921. He testified positively he did not accept the deed. This direct and positive testimony of the three Bibbys is strongly corroborated by various cogent facts and circumstances shown by the evidence.

It is true the Bibbys were interested witnesses, but under the circumstances the jury could not rightfully arbitrarily reject their testimony in favor of a mere presumption. Great Southern Life Ins. Co. v. Dorough, Tex.Civ.App., 100 S.W.2d 772.

The ruling upon evidence complained of by appellants presents no error. Long et al. v. Long, 30 Tex.Civ.App. 368, 70 S.W. 587; Bonner et al. v. Mayfield, 82 Tex. 234, 18 S.W. 305; Schroeder v. Rosenbaum, Tex.Civ.App., 21 S.W.2d 694; Latham v. Jordan, Tex.Com.App., 17 S.W.2d 805; Johnson v. Brown, 51 Tex. 65; Price et al. v. Powell et al., Tex.Civ.App., 57 S.W.2d 1121.

Passing now to the appeal of the plaintiff from the judgment rendered against her in favor of those defendants claiming mineral interests in the land, that feature of the judgment should be affirmed.

The title of the plaintiff to an undivided one-half interest in the land, if any, was an equitable one, and in order for her to recover against the defendants mentioned, it was necessary for her to show they did not pay value for their mineral interests, or they purchased the same with knowledge, actual or constructive, of her equitable title. Hill v. Moore, 62 Tex. 610; Wren v. Peel, 64 Tex. 374; Woodburn v. Texas Town Lot & Improvement Co., Tex.Civ.App., 153 S. W. 365, 367; Spencer v. Pettit, Tex.Com. App., 34 S.W.2d 798; Barnes v. Jamison, 24 Tex. 362, 364; Baldwin v. Root, 90 Tex. 546, 40 S.W. 3; Rogers v. Houston, 94 Tex. 403, 60 S.W. 869; Sparks v. Taylor, 99 Tex. 411, 90 S.W. 485, 6 L. R.A.,N.S., 381; Patty v. Middleton, 82 Tex. 586, 17 S.W. 909; Anderson v. Gazaway, Tex.Civ.App., 80 S.W.2d 481; Howard v. Commonwealth Bldg. & Loan Ass'n, 127 Tex. 365, 94 S.W.2d 144; Bailey et ux. v. Shell Petroleum Corporation, Tex.Civ. App., 95 S.W.2d 982, 984.

The plaintiff asserts such defendants were charged with constructive notice of her equitable title by virtue of certain recitals contained in the purported deed from plaintiff to G. W. Bibby, dated April 14, 1927, recorded a few days later. The deed mentioned is asserted by the plaintiff to be a forgery and the jury has found it so to be. A forged deed is absolutely void. It is not entitled to registration, and if it be registered, no vitality is given the same by virtue of such registration. The deed and its record is wholly ineffective for any and all purposes. 66 C.J. 1153; 36 Tex. Jur. pp. 431 and 474; 14 Tex.Jur. 850, Title Deeds, § 83; Hennessy v. Blair, 107 Tex. 39, 173 S.W. 871, Ann.Cas.1918C, 474; Abee v. Bargas, Tex.Civ.App., 65 S.W. 489; Trinity County Lumber Co. v. Pinckard, 4 Tex.Civ.App. 671, 23 S.W. 720, 1015; Alamo Trust Co. v. Cunningham, Tex.Civ.App., 203 S.W. 413; Wright v. Lancaster, 48 Tex. 250; Stiles v. Japhet, 84 Tex. 91, 19 S.W. 450; Terry v. Cutler, 14 Tex.Civ.App. 520, 39 S.W. 152; Taylor v. Harrison, 47 Tex. 454, 26 Am.Rep. 304.

The judgment in favor of the plaintiff against G. W. Bibby and wife is reversed and remanded for retrial. The judgment in favor of the other defendants in the case against the plaintiff is affirmed.

Affirmed in part; reversed and remanded in part.