PACIFIC INDEMNITY CO. v. SANDERS.

No. 4558.

Court of Civil Appeals of Texas. Beaumont.

Nov. 18, 1948.

Rehearing Denied Jan. 12, 1949.

Strong, Moore & Nelson, of Beaumont, for appellant.

Faver & Barnes, of Jasper, for appellee.

MURRAY, Justice.

This is an appeal from a judgment in a workman's compensation case in the district court of Orange County. Appellee was awarded compensation for total disability for 145 weeks.

The first point of appellant is that the finding of the jury in response to Special Issue No. 8 to the effect that appellee sustained one hundred forty five weeks' total incapacity from and after July 17, 1947, is so against the overwhelming preponderance of the evidence as to be clearly wrong, to indicate bias or prejudice and is an obvious conflict with justice, and is not sufficiently supported by evidence.

Appellee alleged that on or about July 17, 1947, while working for his employer, Consolidated Steel Corporation of Texas, in Orange County, Texas, he was chipping on an iron beam in the sun and became overheated, which resulted in an injury to his nervous system and headaches and this caused him 145 weeks' total incapacity from July 17, 1947. The only evidence in support of these allegations was the appellee's own testimony and the testimony of his one medical witness. Appellee himself testified that on July 17, 1947 he was chipping on an iron beam out in the sunshine at the plant of his employer in Orange and he became overheated; that this happened about 2:30 P.M. No one else knew anything about the accident occurring and he did not go to the First Aid Station of his employer; he stayed on till the regular checking out time, 3:30 P.M., and rode home from Orange to Kirbyville that afternoon with two men named Morgan and one named Herb Rich; that at the time they were riding home he was pretty sick and they all knew about it. Appellee did not come back to work until July 28th. At that time he went to his foreman who told him he had been fired and to go to the personnel office. Appellee testified that he told his foreman and the personnel officer of his injury the Monday following the injury, but both of these parties testified and denied such statements to them. The employer's personnel manager, Mr. Kraft, testified that appellee came to him on July 28th to see why he had been discharged, made no complaint about any injury and after learning that he was discharged in keeping with a Company rule because of unexcused absence, he stated to Kraft that "he would be back with his doctor and his lawyer and that they would hear from him further". Appellee denied such statement on his part. Appellee did testify, however, that after his conversation with Kraft he employed his attorney the following day or the day after that and that his attorney sent him to Dr. Seale; that this was the first doctor he had seen for his ailment and that he had not known this doctor before. He further testified by deposition that the only times he saw Dr. Seale was the one time when he employed his attorney, and later on in the trial appellee testified that he saw him two times in October and once more on Saturday before the trial. Appellee testified that he had become overheated at work and that he had suffered from violent headaches and nervousness and a great many other physical indispositions, and that he had been unable to do any work since the time of his becoming overheated. He denied in detail working for the Bon Ami Lumber Co., until he was confronted with documentary evidence such as checks

and payrolls, when he admitted he had done such work in sawmills.

Men who rode with the appellee in a car from Orange to Kirbyville on the day when he testified he was hurt, all testified that he did not mention any type of injury to them, and that he did not exhibit any appearance of having been injured.

The appellee's medical witness, Dr. Seale, testified that his opinion as to appellee's condition was dependent entirely upon the truth of the history given him by appellee and the existence of the symptoms as stated by the appellee as physical disabilities he had acquired after his becoming overheated.

It was shown by undisputed evidence that appellee worked at firing a boiler and stacking lumber for the Sartain Lumber Company from October, 1947 until February, 1948, and he admitted that he worked for Bon Ami Lumber Co., in September, 1947, cutting logs, after he had several times denied working for Bon Ami Lumber Co. Witness Frank Merritt, who apparently was not interested in the outcome of the case, testified that appellee worked for him, for Sartain Lumber Company, from November, 1947 until February, 1948, and that appellee rode back and forth to work each day with him between Kirbyville and Newton; that appellee never complained of being unable to work nor did he mention having received an injury or having been disabled in any way.

■ In keeping with the general practice of the Courts of Civil Appeals of this State, it is with reluctance that we set aside the findings of a jury on issues of fact. This court, however, has the authority and it is its duty to review and set aside a jury's finding of fact when it is convinced that such finding is so greatly against the overwhelming weight of the evidence as to be clearly wrong. Texas Employers' Ins. Ass'n v. Ford, Tex.Civ.App., 93 S.W.2d 227; Bibby v. Bibby, Tex.Civ.App., 114 S. W.2d 284; Rio Bravo Oil Co. v. Daniel, Tex.Civ.App., 20 S.W.2d 369; Dallas Trust & Savings Bank v. Pickett, Tex.Civ.App., 59 S.W.2d 1090.

■ We have come to the conclusion that the evidence of the appellee in this case is of such a nature that it should not be permitted to stand as the sole support of the jury's finding that he sustained total incapacity as the result of being overheated on July 17, 1947, and that such a finding is against the overwhelming weight of the evidence and clearly wrong. His entire account as given on the witness stand of how he received his alleged injury, what he did about it, of having consulted a doctor in regard to his ailments only after he had employed an attorney who sent him to a doctor, and many other phases of his testimony when considered in toto, is simply incredible. All his testimony, including his testimony that he was so grievously hurt as to bring about all the symptoms described to the doctor and to the jury and yet sought no medical treatment until after he was discharged by his employer, and until after his attorney had sent him to a doctor, and that he was unable to work thereafter, presents an inexcusable flight from reality. He is the party interested to the greatest degree in the outcome of the case. When his own testimony is the only testimony on which a judgment in his favor can be predicated, that testimony should be clear and convincing, free from the many lapses from truth and inconsistent circumstances with which it is beclouded.

■ The appellant's first point is sustained. It is not within the province of this court to substitute our findings for that of the jury and render judgment in this case, hence the judgment will be reversed and remanded for a new trial. Appellant presents 10 other points but because of our disposition of the first point they become unimportant in the disposition of this appeal.

Reversed and remanded.

COE, C. J., and WALKER, J., concur.