## H. J. AND M. J. CHILDS v. J. C., J. T., AND J. H. MAYS.

### No. 2646.

1. **Statutes Construed—Nonsuit—Limitation.**—Construing articles 1368, 1371, and 1372, Revised Statutes, *held:* When a judgment entered on a nonsuit taken by the plaintiff is set aside and the cause reinstated, the case stands in all respects as it would had a judgment of nonsuit never been rendered.

2. **Same.**—Thus when the plaintiff sued on a promissory note before the bar of limitation on his claim was complete and took a nonsuit after the trial had begun because he had improperly described the note, and four years from the maturity of the note had expired before the judgment of nonsuit was set aside and the cause reinstated, the claim was neither affected by the statute of limitation nor by the erroneous description of the note, which was corrected after the cause was reinstated.

APPEAL from Freestone. Tried below before Hon. Sam R. Frost. The opinion states the cases.

*A. G. Anderson* and *B. S. Gardner*, for appellants.—The statutes and rules governing amendments are merely directory and not mandatory. Whitehead v. Foley, 28 Texas, 1–10; Parker v. Spencer, 61 Texas, 155.

Appellants' amended petition correcting the misdescription in the note sued upon did not set up a new and different cause of action, and the filing thereof dated back to the filing of the original petition. Becton et al. v. Alexander et al., 27 Texas, 659; Smith v. Kinney's Ers., 33 Texas, 284; Lee v. Boutwell, 44 Texas, 151; Killebrew v. Stockdale, 51 Texas, 529; I. & G. N. R. R. Co. v. Irvine, 64 Texas, 529; Bremond v. Johnson, 1 W. & W. Ct. App. C. C., sec. 610; Blum v. Mayes, Ib., sec. 475; Longino v. Ward, Ib., sec. 521; Hines v. Dean, Ib., sec. 693; Willington v. T. P. R. R. Co., 2 W. & W. Ct. App. C. C., sec. 172; Ib., sec. 818.

The court erred in holding that the note sued upon was barred by the statute of limitation by reason of said nonsuit, and that the plaintiffs could not recover thereon.

*Kirven, Gardner & Ethridge*, for appellees.—When plaintiff brings a suit and from any cause takes a nonsuit, and after such nonsuit has the cause reinstated, limitation runs to the time of such reinstatement. 1 W. & W. Ct. App. C. C. 806, and citations referred to.

HENRY, ASSOCIATE JUSTICE.—This is a suit upon a promissory note for $550. Appellants' petition described it as a note for $500. When it was offered in evidence it was excluded on account of the variance, and plaintiffs took a nonsuit unconditionally. Within two days they filed a motion to set aside the judgment of dismissal. During the same term the judgment of dismissal was set aside and the cause reinstated upon plaintiffs paying all costs accrued up to that date. Afterward plaintiffs amended, correctly describing their cause of action. At the time of the

nonsuit more than four years had elapsed since the accrual of the cause of action, and when plaintiffs amended defendants pleaded by demurrer the four years statute of limitations, and the court, sustaining the demurrer, gave judgment in favor of defendants, from which plaintiffs prosecute this appeal.

It is assigned that the court erred in holding that plaintiffs' nonsuit operated as a voluntary abandonment of their cause of action and let in the statute of limitations. General expressions may be found to the effect that the bringing of a suit in which a voluntary nonsuit is taken does not have the effect of interrupting the running of the statute of limitations.

So far as we have been able to examine the cases the question has come up in other States in a subsequent and distinct suit upon the same cause of action, and usually in the assertion of a statutory privilege to institute a second suit within some limited period of time after the dismissal of the first.

In this State the question has arisen in subsequent and independent suits which did not involve the question now presented. Shields v. Boone, 22 Texas, 193; Hughes v. Lane, 25 Texas, 356.

We think our own statutes solve the question.

Article 1368 of the Revised Statutes provides, * * * "Judgments may be set aside on motion for good cause on such terms and conditions as the court shall direct."

"All motions * * * to set aside a judgment shall be made within two days after the rendition of the verdict, if the term of the court shall continue so long—if not, then before the end of the term." Ib., art. 1371. Such motions must be decided during the term. Ib., art. 1372.

When such judgment has been set aside the cause stands in all respects as if it had never been rendered.

It is not a matter of course to set aside the judgment, but rather an exercise of the equitable discretion of the court upon the presentation of sufficient cause, and then upon such conditions as shall provide adequate penalties and protection for all parties. Whatever conditions are imposed in a reasonable exercise of judicial discretion in setting aside the judgment of nonsuit must be submitted to; but when these conditions are complied with immunity against the judgment exists for all purposes. There will arise some cases in which such judgments ought to be unconditionally vacated, others in which they ought to be left in force.

The larger class of cases no doubt will be those in which they should be set aside upon such adequate terms as will meet the emergencies of the particular case.

It did not require a statute to allow plaintiffs to dismiss their cause of action at their own cost and afterwards institute a new suit subject to all defenses existing at the time of its institution. Without the judgment of nonsuit being set aside at all plaintiffs would have enjoyed all the

rights accorded them in this case by paying the costs and bringing a new suit.

The purpose of the statute is to preserve rights as they stand when proper equitable considerations exist or when the court in the sound exercise of its discretion may see proper to grant relief within the limits prescribed by the statute, and with the imposition of such terms, if the particular case demands them, as will guard against abuse and adequately protect the rights of other parties.

In this case the statute of limitations ceased to run when the suit was originally brought, and neither the judgment of nonsuit set aside at the term at which it was rendered nor the amendment of the petition correctly describing plaintiffs' cause of action can have any effect to make it run during the pendency of the suit.

The judgment is reversed and the cause remanded.

·  ·  *Reversed and remanded.*

Delivered February 19, 1889.