### T. D. HENNESSY ET AL. V. J. M. BLAIR.

No. 2367. Decided February 17, 1915.

**1.—Innocent Purchaser—Legal and Equitable Title.**

The purchaser of the legal title to land, in good faith and without notice, has a perfect defense against any suit which seeks to enforce a paramount equitable title or interest. (P. 42.)

**2.—Same—Patent—Forged Transfer of Land Certificate.**

A patent to land by the State confers legal title upon the patentee, though issued to him as assignee upon a forged transfer of the land certificate. His title is voidable in favor of the superior equity of the owner of the certificate, but is not void; and it is sufficient to protect an innocent purchaser thereof from the claim of the equitable owner. (Pp. 42, 43.)

**3.—Same—Title.**

"Title," as used with respect to bona fide purchasers of land, does not mean the beneficial interest in the property conveyed, but such written evidence as, under the laws of the State, confers upon the vendor the legal estate in the land; and upon such apparent title the purchaser in good faith may rely. (P. 42.)

**4.—Same.**

The State is, with us, the source of title to land. The patent issued under its authority is the record of its title. Subsequent bona fide purchasers

thereof for value are not chargeable with notice of latent defects in the transfer of the certificate upon which it issued. (Pp. 42, 43.)

**5.—Case Stated.**

Patent was issued by the State to one as assignee of the grantee of a land certificate, upon a forged transfer by such grantee on file in the land office. Defendant, in good faith and for value, without knowledge of the forgery of the certificate or actual or constructive notice of any fact which would put him upon inquiry as to its genuineness, bought the land under a regular chain of title from the patentee. Plaintiffs asserted title as heirs or assignees of heirs of the original grantee of the land certificate. Held, that defendant, as an innocent purchaser, was protected against their claim. Brush v. Ware, 15 Peters, 93, distinguished. (Pp. 41-43.)

Error to the Court of Civil Appeals, First District, in an appeal from Leon County.

Hennessy and others sued Blair for the recovery of land and recovered. On defendant's appeal the judgment was reversed and rendered in his favor and appellees obtained writ of error.

*John G. Tod* and *William Watson,* for plaintiffs in error.—One who claims land under a chain of title containing a forged assignment of the land certificate under which the land was patented and who has notice by the recital in the patent, that it was issued under the assignment, is not a bona fide purchaser and gets no title to the land as against the original grantee, his heirs or assigns. Trinity County Lumber Co. v. Pinckard, 4 Texas Civ. App., 671; Hill v. Moore, 85 Texas, 335; Dodge v. Litter, 73 Texas, 319; Rennick v. Dawson, 55 Texas, 102; Abee v. Bergus, 65 S. W., 489; Bird v. Jones, 37 Ark., 195; Camp v. Carpenter, 52 Mich., 375; McGuin v. Tobe, 62 Mich., 252; Brush v. Ware, 15 Peters, 93; Reeder v. Barr, 4 Ohio, 458; Deason v. Taylor, 53 Miss., 697.

*Tharp & Whitehead* and *J. M. Chatham,* for defendant in error.—Even though the transfer of the certificate was a forgery, when the State recognized the assignment as genuine and issued the patent to Bennett, assignee, he became the owner of the legal title, which passed by a regular chain of transfers to the defendant, J. M. Blair. League v. Rogan, 59 Texas, 427.

Because the legal title is in defendant J. M. Blair, and he paid full value without notice of any claim by plaintiff or the Hibbard heirs, through whom plaintiff claims; he, Blair, is therefore protected as a bona fide purchaser. Durst v. Daugherty, 81 Texas, 653; Wimberly v. Pabst, 55 Texas, 589; Sickles v. White, 66 Texas, 179; Browning v. Pumphrey, 81 Texas, 163.

Because defendant J. M. Blair holds the legal title, and the claim of plaintiff and interveners is an equitable claim, not asserted for sixty-five years, while defendant and those through whom he claims have asserted title and exercised ownership and paid taxes during all said time, hence plaintiff's and interveners' claim is a stale demand. League v. Henecke, 27 S. W., 1049; Pearson v. Burditt, 26 Texas, 172; DeCordova v. Smith, 9 Texas, 150; Glasscock v. Nelson, 26 Texas, 150; Car-

lisle v. Hart, 27 Texas, 351; Reed v. West, 47 Texas, 241; McKim v. Williams, 48 Texas, 89; Browning v. Pumphrey, 81 Texas, 163; Montgomery v. Noyes, 73 Texas, 205.

Mr. Justice PHILLIPS delivered the opinion of the court.

The question presented for decision by the present case is, whether in an action for land one holding the title by regular chain of transfer under the patent of the State, acquired for value in good faith and without notice of any defect, is to be denied the status of an innocent purchaser because of the forgery of the assignment of the land certificate upon which the patent issued.

Briefly stated the facts are as follows:

The Board of Land Commissioners of Brazoria County, some time prior to the year 1839, issued to Lucius Hibbard a certificate for one-third of a league of land. A transfer of this certificate to Tapley W. Bennett, purporting to have been executed on May 16, 1844, is on file in the Land Office. A patent to the land was issued to Bennett as assignee of Hibbard on October 8, 1845. The assignment of the certificate was a forgery, Hibbard having died in 1839. On the same date the assignment purports to have been executed, Bennett conveyed an undivided one-third interest in the one-third of a league to Alexander Patrick for his services in locating the certificate. The land was partitioned between Bennett and Patrick by a judgment of the District Court of Harris County in 1875. Bennett and Patrick and their vendees have continuously claimed the land, paid the taxes upon it, and exercised ownership over it. J. M. Blair, the defendant in error, holds 924 acres under the Bennett title, and 251 acres under the Patrick title, these two tracts comprising the land in controversy. He purchased without any notice of the claim of the appellees, paying the sum of $3400, in good faith believing that he was acquiring the title. No claim to the land was ever asserted by the heirs of Lucius Hibbard until April 11, 1904, when two of his heirs by deed conveyed their interest to Hennessy, one of the plaintiffs in error. Blair purchased before the record of this deed. The land was not located by Hibbard under the certificate, but by Patrick, for Bennett as assignee.

The recitals of the patent issued to Bennett afforded no notice of any vice in the assignment of the certificate, and contained nothing that would suggest inquiry respecting its validity.

There has not been sufficient occupancy and use of the land to perfect in Blair title by limitation.

The suit was instituted by Hennessy. Heirs of Lucinda Hibbard, a sister of Lucius Hibbard, intervened. In the trial court judgment was rendered in favor of Hennessy for an undivided two-thirds interest in the land, and in favor of the interveners for an undivided two-fifths interest of the remaining one-third. This was reversed and judgment rendered for Blair by the Honorable Court of Civil Appeals.

As a rule, the equity of an innocent purchaser is incapable of assertion without the ownership of the legal title. York's Admr. v. Mc-

Nutt, 16 Texas, 13, 67 Am. Dec., 607; National Oil & Pipe Line Co. v. Teal, 95 Texas, 586, 68 S. W., 979. But the bona fide purchase for value and without notice of what constitutes the legal title is a perfect defense in equity to any suit which seeks to enforce a paramount equitable title or interest. Pomeroy's Eq. Jur., sec. 767. It has been held a perfect defense in suits by the government to set aside patents to lands which had been procured through fraud. United States v. Stinson, 197 U. S., 200, 49 L. Ed., 724, 25 Sup. Ct., 426; Colorado Coal & Iron Co. v. United States, 123 U. S., 307, 31 L. Ed., 182, 8 Sup. Ct., 131.

Whether, therefore, this defense was available to Blair depends, it seems to us, upon the legal effect of the patent issued to Bennett, as influenced by the admitted fact of the forgery of the assignment of the certificate upon which it was founded, since plainly he occupied the position of a purchaser for value in good faith of whatever interest Bennett acquired, under a regular and duly recorded chain of transfer, without notice of the adverse claim. If, notwithstanding the forgery of the assignment, the patent issued by the State carried the legal title to the land, as the holder of such title the equity of an innocent purchaser should protect him. If, because of the forgery of the assignment the patent was ineffectual to confer the legal title, he is without a defense.

As used in respect to bona fide purchasers, the word "title" has no reference to what may be the real beneficial interest of the vendor as disclosed by extrinsic proof. It has relation merely to what constitutes the evidence of his right. Patty v. Middleton, 82 Texas, 586, 17 S. W., 909. As is clearly explained in that case, if this were not so, there could be no instance of an innocent purchase unless the vendor were in fact invested with the beneficial interest. As used in this sense, therefore, "title" does not mean the beneficial interest in the property conveyed. It means such written evidence as under the laws of the State confers upon the vendor the legal estate in the land. Nothing else appearing, this constitutes a legal title in the vendor,—the apparent title, upon which the good faith purchaser may rely, though as between himself and others the vendor may have no actual right to the land. "The question is not one of real beneficial ownership or of superior right, but of apparent ownership evidenced as the law requires ownership to be." *Idem.*

With us the State is the source of title. The patent issued under its authority is the record of its title. It evidences the apparent ownership of the title as the law requires. If the authority for its issuance exists and it be regular on its face, there can be no doubt, therefore, of its conferring "the legal title" to the land in the full sense of that term as used in reference to bona fide purchasers. Because of the faith and credit it carries as a muniment of title, subsequent bona fide purchasers for value, without actual notice, are not chargeable with constructive notice of latent defects in the transfer of the certificate upon which it issued, where it is issued under authority and its recitals afford no notice of them and suggest no inquiry which would reveal them. Wim-

berly v. Pabst, 55 Texas, 587; Durst v. Daugherty, 81 Texas, 650, 17 S. W., 388.

The patent issued to Bennett being regular upon its face and carrying no notice of the forgery of the assignment of the certificate, and there being nothing in its recitals to suggest inquiry, the question here involved is reduced to that of the validity of the patent. If it was not rendered void by the forgery of the assignment, but upon that account was merely voidable, it clearly passed the legal title to the land as between the State, the source of title, and Bennett, the patentee; and upon such evidence of apparent ownership Blair was entitled to rely in making his purchase. The forgery of the assignment of the certificate did not invalidate the patent; its effect was only to render it voidable. League v. Rogan, 59 Texas, 427. The certificate constituted a legal claim for the one-third of a league of land for which it called. It was located, not by Hibbard, but for Bennett by Patrick. Until located it was only personal property in Hibbard's hands and conferred no title to land. The patent was issued under the authority of law, by officers empowered to issue it and to pass upon the sufficiency of the transfer of the certificate as the predicate for its issuance. With the officers of the State invested with the power to act in the issuance of the patent, their erroneous action was not void, but at most only voidable. As said by Judge Stayton in League v. Rogan:

"The patent under which the appellees claim is regular in form, issued by officers empowered to issue patents, and upon a valid claim against the State for land; and neither the forgery of a remote transfer of the certificate upon which it issued, nor the failure of the Commissioner to detect that forgery, can render it void." . . . .

"Here the patent passed the legal title to the person under whom the appellees hold by regular chain of transfer, and the vice in the title, if there be one, lies back of the patent, which is the sole source, in this case, of legal as distinguished from equitable or imperfect title, and even of that vice it does not appear that the patentee or those holding under him had any notice, which would not be important upon the question of limitation."

In that case the question was whether a patent issued on a forged assignment of the certificate carried such title as would support limitation under the three years statute. The patent there was held, not to have been void, but effectual to pass to the patentee the naked legal title to the land, which was all the State had to convey at the time the patent issued. Like effect can not, therefore, be denied this patent. Blair being an innocent purchaser for value of the legal title which the patent carried, the paramount title in the Hibbard heirs is not enforcible in equity against him.

Among the authorities relied on by the plaintiffs in error is Brush v. Ware, 15 Peters, 93, 10 L. Ed., 672. But it is there disclosed, as was pointed out in the discussion of that case in Wimberly v. Pabst, that Brush, who was defending against the paramount equitable title of Hockaday's heirs, acquired the land warrants, the basis of his claim,

through a sale by Ware as executor of Hockaday's estate. Under Hockaday's will Ware, as executor, had no power to convey them. Since the sale by Ware was in Brush's chain of title, it was held that he was bound to take notice of the powers of Ware under the will. In other words, Brush's title rested upon a sale by one who had no power to sell. It is the recognized rule in this State that the defense of innocent purchaser does not apply to a purchase of the legal title from a holder who has not the power to convey it or the capacity to contract. Daniel v. Mason, 90 Texas, 240. But no such question is involved here. The State held the legal title to the land, and there can be no doubt of the power of the officers of the State to issue the patent upon the certificate. Nor, going behind the patent, could there be any doubt of the power of Hibbard, the owner of the certificate, to transfer it. Accordingly, had it been incumbent upon Blair to inquire beyond the patent and had he consulted the records in the Land Office, he would only have found what appeared on its face as a regular transfer of the certificate from one clearly competent to assign it.

The difference between the title carried by a patent issued upon a forged assignment of the certificate and that resting upon a forged deed in the chain of transfer, as affecting the defense of an innocent purchaser, is apparent. A forged deed is an absolute nullity; a purchaser under it acquires no title; and it therefore affords no foundation for the defense. In the former case, as has been stated, the patent is not a nullity, but passes the legal title to the patentee and those holding under him.

The Honorable Court of Civil Appeals in the clear opinion delivered by its learned Chief Justice correctly determined the case in rendering judgment for Blair as an innocent purchaser of the land, and its judgment is therefore affirmed.

*Affirmed.*