**GERLACH MERCANTILE CO. et al. v. STATE. (No. 2166.)**

Court of Civil Appeals of Texas. El Paso. Nov. 15, 1928.

Rehearing Denied Nov. 28, 1928.

Knollenberg & Cameron, of El Paso, for appellants.

W. L. Moore, of Sierra Blanca, and C. W. Croom, of El Paso, for appellee.

PELPHREY, C. J. The state of Texas brought this suit against the appellants to recover delinquent taxes, and to have the taxes declared a lien against certain lands in Hudspeth county, Tex.

Appellants, Gerlach Mercantile Company and Mary Gerlach Parsell, answered by general demurrer, special exceptions, and by cross-action to remove cloud from title to said land.

The findings of fact by the court have been agreed to by all parties as the true facts, and we will here quote them.

"Findings of Fact.

"The Court finds the following facts:

"1. The Court finds that the following twenty-four sections in Hudspeth County, Texas:

"Sections Nos. 22, 24, 26, 28, 30, 32, all in Block No. 4, of T. P. Survey, Hudspeth County, Texas, being the same lands awarded to Perry Carroll under certificates No. 1/740, 1/741, 1/742, 1/743, 1/744, 1/745.

"Section No. 34 in Block 4, of T. & P. Survey, being the same land awarded to Perry Carroll April 24, 1909, under certificate No. 1/746.

"Sections Nos. 6 and 8 in Block No. 7 of T. & P. Survey, being the same lands awarded to Roy Carroll, June 5, 1911, under certificates Nos. 1/131 and 1/132; Sections Nos. 5 and 16, in Block No. 71, and Sections Nos. 24 and 25 in Block No. 71, and Section No. 4 in Block 73 of Public School lands of Hudspeth County, Texas.

"Section No. 28 in Block No. 72 of the Public School Lands of Hudspeth County, Texas.

"All of Section No. 36 in Block 4 of the T. & P. Survey and being the same land awarded to Perry Carroll, April 24, 1909, under certificate No. 1/747; Section 15 in Block No. 71, and Sections 17, 18, 19, 20, 21, 22 and 23 in Block No. 72 of Public School Lands of Hudspeth County, Texas; were owned by the Gerlach-White-Kramer Cattle Company and were on July 19, 1922, transferred by Sheriff's deed to the defendant Gerlach Mercantile Company. Said twenty-four sections will be referred to as Deed A.

"2. That the sheriff of Hudspeth County, Texas, on July 19, 1922, was Harry Moore, who was assessor and tax collector, and he has held said office continuously since said date, and still holds same.

"3. That the Gerlach Mercantile Company owned the property described in Deed A until August 25th, 1924, when it was transferred by special Warranty Deed to Mary Gerlach Parsell; that in said special Warranty Deed the property was transferred subject to the unpaid taxes.

"4. That Mary Gerlach Parsell is still the owner of said property in Deed A.

"5. That the taxes on Deed A were assessed against the Gerlach-White-Kramer Cattle Company for the years 1921, 1922, 1923, and against the Gerlach Mercantile Company for the year 1924.

"6. The court finds that there is due for delinquent taxes, interest and penalties against the property referred to as Deed A, $1850.23, that the amount of interest, penalties and costs accruing from January 1st, 1921, to August 25, 1924, is $1749.83, and from August 25, 1924, to January 1, 1925, the sum of $90.40.

"7. The court finds that the Gerlach-White

Kramer Cattle Company on January 1, 1921, owned the following described property in Hudspeth County, Texas:

"Sections 6 and 14, Block 75; Sections 2 and 4 in Block 7, and Sections 16, 14, 12, 20 and 18, in Block 4, Hudspeth County, Texas.

"And that same will hereafter be referred to as Deed B.

"8. That the following property is hereafter referred to as Deed C:

"Sections 11, Block 4, Section 21, Block 61½, Section 1, Block 68½, Section 22, Block 61½, Section 9, Block 68½.

"9. That on November 15, 1921, the Gerlach-White-Kramer Cattle Company conveyed by special Warranty Deed B to Gerlach Mercantile Company, and that said property was subject to unpaid taxes.

"10. That on August 1, 1925, Gerlach Mercantile Company conveyed the same property to defendant Mary Gerlach Parsell (Deed B) subject to unpaid taxes, but not delivered until after September, 1926.

"11. That the property in Deed B was assessed to Gerlach-White-Kramer Cattle Company for the years 1921, 1922, and 1923, and assessed against Gerlach Mercantile Company for the year 1924.

"12. The court finds that the taxes, interest and penalties against Deed B amount to $1003.-63.

"13. The court finds that all the land involved in this suit is Public School Land and was purchased from the State prior to January 1, 1921, and the purchase price had not been paid in full.

"14. That on January 15, 1925, eight of the sections described in Deed A were forfeited to the State because of the failure to pay the interest due the State, and on July 5, 1925, the remainder of the property described in Deed A was forfeited to the State, each and both of said forfeitures being by the owner under Section 5328, R. S. 1925, interest due the State being delinquent.

"16. That all of said property was reappraised by the State on February 23, 1926, for the purpose of resale.

"17. That on August 2, 1926, said property, Deed A was repurchased by Mrs. J. H. Parsell (Mary Gerlach Parsell) one of the defendants herein.

"18. That the property described in Deed B, was forfeited to the State on July 23, 1925, by the owner under Sec. 5326 R. S. 1925; that said land was Public School Land and purchased from the State prior to January 1, 1921, and the purchase price was not paid in full, interest due the State being delinquent.

"19. That on February 23, 1926, said property was reappraised by the State for sale.

"20. That on August 2, 1926, the Gerlach Mercantile Company repurchased said property in Deed B.

"21. That the property herein referred to as Deed C was never owned by the defendants in this case."

The cause was tried without a jury, and judgment was rendered in favor of the state of Texas for $2,843.86 against the Gerlach Mercantile Company and for a foreclosure of the lien against Mary Gerlach Parsell.

Gerlach Mercantile Company and Mary Gerlach Parsell have both appealed to this court from that judgment.

## Opinion.

Appellants contend that the court's judgment was erroneous, and, in support of that contention, advance, in substance, the following propositions: (1) That the meeting of both the legal and equitable title to the land in the state extinguished the debt for taxes; (2) that the intention to merge the titles and extinguish the debt must be determined at the time of the meeting of the titles; (3) that a sale of the property by the state, after the titles had met is conclusive upon the intention of the state to merge the titles and extinguish the debt; (4) that the statute passed in 1925 was not intended to and did not preserve liens in favor of the state; (5) that the state had authority to accept the property under the forfeiture, merge the titles and extinguish the debt; (6) that the state is authorized to compromise a claim for taxes by accepting land in payment thereof; and (7) that the personal judgment against the Gerlach Mercantile Company for years when the property was assessed to others was erroneous.

By supplemental brief appellants further contend that "there can be no lien for taxes established and no foreclosure of an alleged tax lien unless there was a proper assessment against the owner of the property."

We will first address ourselves to the question of merger as raised in the brief of appellants.

The question of whether or not a merger resulted depends upon a construction of section 4 of chapter 94 of the Acts of 1925. It reads:

"Whenever any land affected by this Act is repurchased under the rights of repurchase given herein, any lien, legal or equitable, and any valid contractual right in favor of any person or persons existing against, in and to said land or any part thereof at the time of forfeiture shall remain unimpaired and in full force and effect as if no such forfeiture had occurred."

The construction of statutes is often a difficult question, and one upon which courts often disagree. The well-settled rule of construction, however, is that the intention of the Legislature, when ascertainable, shall always control. This rule has been made statutory in this state. Article 10, § 6, R. S. 1925. With this rule in mind, did the Legislature intend by section 4 to preserve the lien for taxes on property forfeited to the state?

From a careful study of chapter 94 of the Acts of 1925, we have reached the conclusion that the act was passed for the twofold purpose of relieving the purchaser of land from the state and the protection of the public school fund. It seems that in certain por-

tions of the state conditions had arisen which made it impossible for the purchaser of land from the state to make the payments due the state, and this act was passed providing for a forfeiture to the state, a revaluation by the state, and reserved to the purchaser a right to repurchase at the new price.

In section 4 the Legislature was fixing the status of liens and contract rights affecting the land before the forfeiture.

In the present case the taxes here sued for were delinquent for years prior to the forfeiture, and we are now called upon to decide whether the lien of the state for such taxes was preserved by section 4.

It is not to be presumed that the Legislature intended to cancel the taxes due the state, in fact, we think the presumption will be that it did not so intend; and, there being nothing in the act which expressly shows an intention to cancel, we are of the opinion that such was not the intention and that the tax lien was intended to be preserved, and therefore must answer the question in the affirmative.

We will next consider the question of the validity of the assessment.

In the case of Coleman v. Crowdus (Tex. Civ. App.) 178 S. W. 585, the Fort Worth Court of Civil Appeals held that in a case of unrendered property, the listing of the property in any name other than that of the owner would invalidate the assessment, but also held that article 7171 of the Revised Statutes 1925 applied in cases where the property was listed by the owner.

Article 7171 reads as follows:

"All real property subject to taxation shall be assessed to the owners thereof in the manner herein provided; but no assessment of real property shall be considered illegal by reason of the same not being listed or assessed in the name of the owner or owners thereof."

In the present case there is nothing in the record which shows by whom the property was listed, and we feel that we will be justified in presuming that both the assessor and the property owner discharged their duties under the law and that it was listed by the owner.

Appellants contend that the petition shows the property to have been unrendered, and depend upon the following allegations in the petition as sustaining that contention:

"And complaining of each and all persons owning and claiming any interest in and to the hereafter described land, hereinafter styled defendants, and are to plaintiff unknown, and are rendered on the assessment rolls of said County as unknown owners of the hereinafter described property except as given above, and are to plaintiff's attorney and to the Tax Collector of said County unknown; and their respective names and places of residence, except as above given, are unknown to plaintiff's attorney, and Tax Collector of said County, and

after due diligence and inquiry have been by them duly made, they are unable to discover and ascertain the same."

With such contention we cannot agree. As we view the petition, the pleader was merely trying to make parties defendant any and all persons who might have an interest in the land other than those mentioned in the petition, and we find nothing in the petition showing that the property was not listed by the owner.

Under that view of the record, we are of the opinion that article 7171 applies and that the assessment was valid and that the personal judgment against the Gerlach Mercantile Company was a proper judgment as well as the judgment foreclosing the tax lien against the property.

Finding no error, the judgment of the trial court is affirmed.