

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
~~XXXXXXXXXXXXXON~~
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-1832
Re: Liability for taxes on rein-
    statement of purchase of state
    land after forfeiture.

On January 10, 1940, you sent us a certificate from the General Land Office listing the various title papers in that office on Section 6, Block 11, Certificate 8/1603 H. & G. N. Ry. Co., 640 acres in Pecos County, Texas. The certificate shows that said section of land was sold as mineral and grazing land on March 23, 1911, by the state, but that said sale was forfeited for non-payment of interest on August 20, 1924, after which date the state granted a mineral permit in 1926 and granted another mineral permit in 1929 and made a grazing lease on said section in 1937, but said mineral permits and grazing lease have all been cancelled and forfeited.

Under the above circumstances you requested an opinion of this department as to whether or not the purchaser of this land whose rights were forfeited on August 20, 1924, would be required to pay local ad valorem taxes for the time between the date of forfeiture and the date of reinstatement should he secure a reinstatement of his claim under the original purchase.

Article 5326 of the Revised Civil Statutes, 1925, provides:

"If any portion of the interest on any sale should not be paid when due, the land shall be subject to forfeiture by the Commissioner entering on the wrapper containing the papers 'Land Forfeited,' or words of similar import, with the date of such action and sign it officially, and thereupon the land and all payments shall be forfeited to the State, and the lands shall be offered for sale on a subsequent sale date. In any case where lands have been forfeited to the State for the non-payment of interest, the purchasers, or their vendees, may have their claims reinstated on their written request, by paying into the Treasury

the full amount of interest due on such claim up to the date of reinstatement, provided that no rights of third persons may have intervened. In all such cases, the original obligations and penalties shall thereby become as binding as if no forfeiture had ever occured.     ......"

In the case of Gerlach Mercantile Company vs. State, 10 S.W. (2d) 1035, by the Court of Civil Appeals of El Paso, it was held that where state lands were forfeited for failure to pay interest and later repurchased under Article 5326a, Revised Civil Statutes, that tax liens due the state at the date of forfeiture would remain unimpaired and in full force and effect. We think the same rule would apply in case of reinstatement under Article 5326. We have been unable to find a case which involves the exact question on which you requested an opinion of this department. That is, with respect to taxes between the date of forfeiture and the date of reinstatement. It is settled that on the forfeiture of land for failure to pay interest such land is restored to the public domain and title is reinvested in the State. In the case of Lawless vs. Wright, 86 S.W. 1039, the Court of Civil Appeals, after holding that the title to the land was reinvested in the state and became a part of the public domain on the forfeiture, used the following language:

"In other words, the provision as to reinstatement did not have the effect of continuing the title, whether legal or equitable, in the purchaser, after the forfeiture; and, although he may have fully intended to have his claim reinstated at some future time, he could not, until that reinstatement was made, have maintained a suit for possession. He did not have any possession or right of possession to be invaded by appellee after the forfeiture, and limitation could not run against him."

In the case of Boykin vs. Southwest Texas Oil and Gas Co., 256 S.W. 581, by the Commission of Appeals, Section B, it was held that a purchaser of state land could not recover the rental provided in Chapter 173 of the Acts of the 33rd Legislature to be paid the owner of the land by the holder of a permit for prospecting and developing minerals upon the land during the period between the date of the forfeiture and the date of the repurchase in that the repurchaser had no interest in the land during that period other than a preferential right to repurchase same. This case deals with repurchase (as provided by the statute), but we think the holding would necessarily be the same in cases of reinstatement after forfeiture.

It is the opinion of this department that since the statute providing for forfeiture and reinstatement does not provide that on reinstatement of the purchase of public land that the taxes between the date of forfeiture and the date of reinstatement should be paid by the reinstating purchaser, and since the land during that time belonged to the state as a part of the public domain and the purchaser had no right to possession and no right to receive any of the revenues from same, that on reinstatement by the original purchaser or his assigns, he is not liable for the payment of local ad valorem taxes from the date of the forfeiture up to the date of the reinstatement.

Trusting that this answers your question sufficiently, I am

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/D.D. Mahon
D.D. Mahon

DDM:jm:wc


APPROVED FEB 2, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman