**Albert SINGLETON, et ux. Viola Singleton, Appellants,**

**v.**

**Olen C. TERREL, et ux. Zella W. Terrel and Blackmon Enterprises, Inc., Appellees.**

**No. 9503.**

Court of Appeals of Texas, Texarkana.

March 10, 1987.

Jerry L. Davis, Davis and Brock, New Boston, for appellants.

Lynn Cooksey, Texarkana, for appellees.

BLEIL, Justice.

Albert Singleton and his wife, Viola Singleton, appeal from a take-nothing judgment in a trespass to try title action. In twenty-one points of error, the Singletons raise issues concerning the exclusion of certain documents and testimony from evidence, the sufficiency of the evidence, and the application of the five- and ten-year limitations statutes for the Terrels' adverse possession claims. We affirm.

In 1942, the State of Texas issued a patent to Willie Timmons covering the tract presently in dispute. In 1945, Timmons conveyed the disputed tract to Loyd Singleton, the father of the appellant, Albert Singleton. Eleven years later the land was forfeited to the State because the Singletons failed to pay money owed, pursuant to Tex.Rev.Civ.Stat.Ann. art. 5326 (repealed 1977), now contained in Tex.Nat.Res.Code Ann. § 51.071 (Vernon 1978 & Supp.1987). Under Article 5326, now Tex.Nat.Res.Code Ann. § 51.074 (Vernon 1978), the last purchaser of land from the State, or his vendees, heirs, or legal representatives, could reinstate a forfeited purchase by paying all money and interest due on the land to the State within five years after the forfeiture. One day before the end of this five-year period, J.A. Corley reinstated the purchase of the land from the State, claiming ownership of the land under a deed from Loyd Singleton. The Singletons maintain that this deed is a forgery, although the trial court failed to find a forgery.

Under this deed, Corley obtained a new patent on June 12, 1961, after paying the principal and interest due. In November 1961, Corley deeded the land to E.B. Hustedt. Hustedt mortgaged the land as security for a debt. In 1963, it was foreclosed upon and sold at a trustee's sale to George Rousseau. However, Hustedt also deeded the land to Olen Terrel in 1970. The Terrels entered into possession of the land and have held it ever since.

Loyd Singleton and his family moved off the land in 1956 and did not return. In 1979, Loyd Singleton deeded it to Albert Singleton. They discovered the defect in their chain of title caused by the forfeiture in 1956 and sued the Terrels, the persons then in possession. Corley, Rousseau, and Hustedt were cited by publication but did not appear.

The Singletons complain that the trial court erred in excluding certain documentary and other evidence concerning matters which occurred before Corley's land patent was issued. However, nothing which occurred before the patent was issued alters the fact that the Singletons forfeited the land to the State. The Singletons fail to show that the trial court abused its discretion in excluding the evidence or that any of their substantial rights were affected. Tex.R.Evid. 103(a), 104.

The Singletons argue that the Terrels' title is faulty. To recover in a trespass to try title case, the plaintiff must rely upon the strength of his own title and not the weakness of the defendant's title. *Hunt v. Heaton*, 643 S.W.2d 677 (Tex. 1982). The Singletons fail to demonstrate any title. They concede that their title was forfeited to the State in 1956 and that they did not attempt to reinstate their title within the allotted five-year period. Nevertheless, they contend that Corley's patent, the first link in the Terrels' chain of title, is void because it was issued on the basis of a forged deed. The Singletons claim that because Corley's patent is void, they, as the last rightful owners of the land, have a "preferential right to repurchase" the title. They cite no authority for this claim. We find no such authority.

A forfeiture restores the land to the public domain and reinvests title in the

State. Consequently, a forfeiture completely destroys a claim to the land. Reinstatement is a mere privilege. The exercise of that privilege requires that certain conditions be met. *Lawless v. Wright,* 39 Tex.Civ.App. 26, 86 S.W. 1039 (1905, no writ). The unexercised privilege of reinstatement does not continue any legal or equitable title in the party who has forfeited. Unless one reinstates his holding as prescribed by the statute, he cannot maintain a suit for possession. *Houston Oil Co. of Texas v. Reese-Corriher Lumber Co.,* 181 S.W. 745 (Tex.Civ.App.-Beaumont 1915, writ ref'd). Therefore, the Singletons lack sufficient title to succeed in a trespass to try title suit.

 Also, even if we were to consider Corley's deed a forgery, this does not make Corley's patent void. The State issued Corley a patent, and when a patent is regular on its face and carries no notice of an underlying forgery, the question involved becomes one of the validity of the patent. *Hennessy v. Blair,* 107 Tex. 39, 173 S.W. 871 (1915). A patent is subject to attack only by the State or by one who holds an interest in the land prior to that of the person to whom the patent is issued. *Betts v. Texas Pacific Land Trust,* 524 S.W.2d 564 (Tex.Civ.App.-Austin 1975, writ ref'd n.r.e.).

Corley's patent is dated July 27, 1961. The Singletons' five-year reinstatement period expired June 13, 1961. At the time the patent was issued, the Singletons had no claim to the land—they no longer had the privilege of reinstatement. The Singletons are not persons who can attack the validity of Corley's patent.

The trial court's judgment provides that the Singletons take nothing by their suit and that indefeasible fee simple title be vested in the Terrels. Whenever a party brings a trespass to try title action against one in possession of property and does not prevail, title as against the party bringing the action vests in the possessor of the land. *Hancock v. Booker,* 608 S.W.2d 811 (Tex.Civ.App.-Waco 1980, writ ref'd n.r.e.).

The Singletons attack the evidentiary support for the trial court's finding that the Terrels are entitled to claim the property against the world under the five- and ten-year limitations period for adverse possession. Tex.Civ.Prac. & Rem. Code Ann. §§ 16.025, 16.026 (Vernon 1986). The trial court failed to find that the Singletons were entitled to prevail on any legal theory. We conclude that the trial court's findings, or failures to find, which support the judgment that the Singletons take nothing in their suit, are not against the great weight and preponderance of the evidence. The Singletons, having failed to establish their own title, cannot complain of an award of title to the Terrels. A party on appeal may not complain of errors which do not injuriously affect him or which merely affect the rights of others. *Jackson v. Fontaine's Clinics, Inc.,* 499 S.W.2d 87 (Tex.1973). More particularly, in a trespass to try title action, the plaintiff is not prejudiced by an adjudication that title rests in a defendant, when the plaintiff fails to establish his own title. *Franzetti v. Franzetti,* 124 S.W.2d 195 (Tex.Civ.App.-Austin 1939, writ ref'd).

We overrule all points of error and affirm the trial court's judgment.