

# NUMBER 13-12-00596-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**HERALDO ESCOBAR,** **Appellant,**

**v.**

**TONY GARCIA,** **Appellee.**

## On appeal from the County Court at Law No. 5
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Rodriguez**

This appeal involves the determination of title to land. By a single issue, appellant Heraldo Escobar challenges the jurisdiction of County Court at Law No. 5 in Hidalgo County, Texas, to enter a final judgment denying him relief in his action to quiet title. We vacate and dismiss. *See* TEX. R. APP. P. 43.2(e).

## I.  BACKGROUND

On July 9, 2007, appellee Tony Garcia allegedly conveyed title to certain real property[1] to Graciela Gonzalez McNeely.[2]   And on February 2, 2010, McNeely allegedly deeded the property to Escobar.

On March 12, 2010, Garcia filed suit against McNeely, claiming that he "never signed said [July 9] deed," and that "[t]he purported [w]arranty [d]eed [was] a forgery." He claimed that McNeely was attempting to sell the property and that if the trial court did not intervene to enjoin the sale or transfer to a third party Garcia would permanently lose it under the bona fide purchaser doctrine.   Among other things, Garcia sought a declaration that the July 9 deed was a forgery and of no force and effect.   On June 14, 2010, the trial court entered a no-answer default judgment, declaring that the warranty deed from Garcia to McNeely was "null and void" "due to the fraud and forgery committed by" McNeely.   At that time, Escobar was not a party to the suit.

On September 20, 2010, after he became aware of the judgment on August 20, 2010, Escobar filed a motion for new trial that was in the nature of a bill of review.   *See* TEX. R. CIV. P. 329b(f) (providing for an equitable bill of review to set aside a judgment that is no longer appealable or subject to a motion for new trial); *see also In re K.M.S.*, 68 S.W.3d 61, 66 (Tex. App.—Dallas 2001, pet. denied) (holding that a father who was not a party to an earlier proceeding that terminated his alleged parental rights had standing to present his petition for bill of review).   In his motion, Escobar claimed that he was an

---

[1] The legal description of the property at issue is "a 3.93 acre tract of land being a portion of Lot 8, R.B. Curry Survey No. 1 as recorded in volume 2, page 23, map records, Hidalgo County, Texas . . . ."

[2] Garcia filed no brief in this appeal.

indispensable party to the litigation and that he should have been identified as a party. Escobar argued that the default judgment created a cloud on the title of the property he owned and that he should have received notice of the pending lawsuit. On October 10, 2010, the trial court granted a new trial, identifying Escobar as an intervening party.

Escobar filed a plea to the jurisdiction and motion to dismiss for want of jurisdiction on February 4, 2011, urging that the trial court did not have jurisdiction to determine title to the real property. On March 11, 2011, the trial court denied Escobar's plea, and on January 20, 2012, the trial court denied Escobar's motion to reconsider. Escobar filed an amended plea to the jurisdiction on August 20, 2012, this time urging (1) a statute of limitations defense against any claims Garcia might have filed against him, (2) a bona fide purchaser for value defense, and (3) that Garcia's negligence proximately caused his damages. On August 21, 2012, Escobar filed a motion for leave to file his amended plea and, subject to his plea to the jurisdiction, a petition to quiet title. In the jurisdiction paragraph of his petition, Escobar asserted that the county court did not have jurisdiction over his quiet title action. He premised his claim to title of the real property at issue on the warranty deed provided to him by McNeely. Escobar claimed to be a bona fide purchaser with a right to an undivided interest in the real property. He prayed for a declaration that the deed from Garcia to McNeely and the deed from McNeely to Escobar were valid warranty deeds.

Following a bench trial on August 27, 2012, the trial court entered a final judgment declaring: (1) "[t]he signature on the purported Warranty Deed from Tony Garcia to Graciela Gonzalez McNeely . . . is a forgery and is not the signature of Tony Garcia"; and (2) "[t]he purported Warranty Deed from Tony Garcia to Graciela Gonzalez

3

McNeely . . . is null and void ab initio because said document is a forgery." The trial court awarded attorney's fees to Garcia as to McNeely only. It also permanently enjoined McNeely "from signing any documents relating to, or taking any action in connection with, the real property" at issue in this case. Finally, as to Escobar, the trial court ordered "that all relief sought by Intervenor Heraldo Escobar is hereby be [sic] denied." This appeal followed.

## II. JURISDICTION

By a single issue, Escobar challenges the subject matter jurisdiction of the trial court to determine title to land. He argues that the trial court erred in denying his motion to dismiss and that any judgment entered by this statutory county court, which has the effect of awarding title, is "void and a nullity."

### 1. Standard of Review

As a general proposition, before a court may address the merits of any case, the court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the particular judgment, and capacity to act as a court. *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). If the county court lacks jurisdiction, then its decision would not bind the parties. *See id.* A decision that does not bind the parties is, by definition, an advisory opinion prohibited by Texas law. *See id.*

A trial court's lack of subject matter jurisdiction is fundamental error and may be raised for the first time on appeal. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 442–44 (Tex. 1993). Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks* & *Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.

4

2004). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Id.*

## 2. Applicable Law

A statutory county court has the same jurisdiction as a constitutional county court. *See* TEX. GOV'T CODE ANN. § 25.003(a) (West, Westlaw through 2013 3d C.S.); *id.* § 25.1102 (West, Westlaw through 2013 3d C.S.). A statutory county court does not have subject matter jurisdiction in "a suit for recovery of land." *Id.* § 26.043(8) (West, Westlaw through 2013 3d C.S.). And, more specific to this case, a statutory county court has no subject matter jurisdiction over cases in which the gist of the plaintiff's claim is an adjudication of title, even if the judgment sought does not include an express grant of relief with respect to title. *See, e.g., Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 647 (Tex. App.—Austin 2008, no pet.) (explaining that a suit for the recovery of land encompasses actions that affect several interests in land, not just fee simple ownership); *see also Coughran v. Nunez*, 127 S.W.2d 885, 887 (Tex. 1939) (determining the ownership of an easement necessary to resolve parties' dispute "necessarily involved the trial of title to real estate").

## 3. Discussion

County Court at Law Number Five in Hidalgo County, Texas, the court that tried this suit, is a statutory county court. *See* TEX. GOV'T CODE ANN. § 25.1101(4) (West, Westlaw through 2013 3d C.S.). In his original petition, Garcia sought a declaratory judgment that the warranty deed filed on July 9, 2007, transferring the subject property from Garcia to McNeely, was a forgery and was of no force and effect. "A forged deed is void *ab initio*" and "passes no title." *Dwairy v. Lopez*, 243 S.W.3d 710, 712 (Tex.

5

App.—San Antonio 2007, no pet.) (citing *Hennessy v. Blair*, 107 Tex. 39, 173 S.W. 871, 874 (1915); *Bellaire Kirkpatrick Joint Venture v. Loots*, 826 S.W.2d 205, 210 (Tex. App.—Fort Worth 1992, writ denied)); *see also Tropical Commodities, Inc., v. Ortiz*, No. 13-09-00364-CV, 2011 WL 3854552, at *3–4 (Tex. App.—Corpus Christi Aug. 31, 2011, pet. denied) (holding that the evidence was sufficient to support the declaratory judgment that the March 2006 Ortiz/Tropical deeds were forgeries and therefore null and void in a wrongful disclosure claim).

Garcia's original claim sought a declaration regarding fraud and forgery and did not expressly request relief related to the land title. Yet Garcia's claims arguably raised title issues, particularly in light of his concern that if the trial court did not enjoin the sale or transfer of the property Garcia would permanently lose it to a bona fide purchaser. *See Roberson v. City of Austin*, 157 S.W.3d 130, 136 (Tex. App.—Austin 2005, pet. denied) ("[W]hen one seeks title to property, trespass to try title, and not the UDJA, is the proper cause of action."); *see also Archaeological Conservancy v. Wilson Land & Cattle Co.*, No. 03-08-00061-CV, 2010 WL 1253576, *4–5 (Tex. App.—Austin Mar. 30, 2010, no pet.) (explaining that "in trying to resolve whether a suit [with only declaratory judgment claims remaining in the district court and a request for attorney's fees] may proceed under the UDJA, courts look to the heart of the dispute to determine whether, in substance, it is a dispute over title, or whether the true aim of the suit is simply to determine the validity or construction of a deed or other instrument" and reviewing cases addressing whether declaratory relief is proper when the claim raises title issues). And when Escobar intervened, claiming that he had purchased the same real property, that he had title to the real property as a bona fide purchaser, and that his action was a quiet title action, he

clearly brought claims related to the adjudication of title. Finally, having declared Garcia's signature of the deed a forgery and the deed null and void, when the trial court denied all relief sought by Escobar, it, in effect, determined that Garcia retained title to the property and Escobar did not.

Based on our de novo review, we conclude that the trial court decided a question of title when it rendered final judgment in favor of Garcia and against Escobar. The facts of this case affirmatively demonstrate that County Court Number Five in Hidalgo County, Texas, a statutory county court, did not have jurisdiction of the subject matter of this case. *See* TEX. GOV'T CODE ANN. § 26.043(8). Because the trial court lacked jurisdiction, its judgment did not bind the parties and, by definition, was an advisory opinion prohibited by Texas law. *See Gomez*, 891 S.W.2d at 245. We sustain Escobar's sole issue.

### III. CONCLUSION

We vacate the judgment of the trial court and dismiss for want of jurisdiction. *See* TEX. R. APP. P. 43.2(e).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
15th day of May, 2014.

7